R. E. RICE v. STATE.

No. A-218.    Opinion Filed February 6, 1911.

(113 Pac. 207.)

**INTOXICATING LIQUORS—Possession—Evidence.** Mere possession of whisky, without proof of the purpose for which it is held, is insufficient to sustain a conviction of one charged with having whisky in his possession for unlawful purposes.

(Syllabus by the Court.)

*Appeal from Grady County Court; N. M. Williams, Judge.*

R. E. Rice was convicted of having in his possession spirit-uous liquors with intent to sell, and appeals. Reversed and re-manded.

*Bond & Melton,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The plaintiff in error was convicted in the county court of Grady county on a charge of having in his possession spirituous liquors for the purpose of selling the same. Upon arraignment he filed a motion to set aside the information, which motion was overruled, and he excepted. The case went to trial before a jury, and, at the close of the state's testimony, he requested the court to advise the jury to return a verdict of not guilty, which was denied, and he excepted.

The evidence introduced in this case on the part of the state shows that one Hobbs went to the Rock Island depot in Rush Springs in March, 1909, and found a barrel marked to R. E. Rice, Sterling, Okla., via Rush Springs. Sterling appears to be an inland town about 15 miles from the railroad. Hobbs loaded the barrel on his wagon· and drove away from the station, and had gone but a short distance when he met a drayman by the name of Fourt, and delivered the barrel over to Fourt. Fourt carried it to the house of the appellant and left it. The record does not show that either of the parties had any instruction or order from the appellant to get the barrel, but does show, from the state's witnesses, that, after his arrest, the appellant told the drayman that the barrel was not his. This appears to have been the first time that he had seen the drayman after the delivery of the bar-rel to his residence. A deputy sheriff was in town the day the barrel was delivered, and was informed that a suspicious barrel had been delivered at the house of the appellant, whereupon he secured a search warrant and went to the home of the appellant, seized the barrel, opened it, and found that it contained pint bot-tles of whisky. The appellant was not at home on the day in question, and was not arrested until two or three days later. Upon the trial the state undertook to show that he had received other

shipments of whisky, but the testimony fails to show that the packages delivered contained whisky.

There is nothing in this record to show that the appellant ordered the barrel in question or had anything to do with it. There is nothing in the record to show that he was ever, at any time, charged with selling whisky. The evidence is wholly insufficient to sustain a conviction upon this charge. The state had a right to show, as this court has heretofore held, any previous unlawful sale of intoxicants by the appellant, if he had made any such sales, for the purpose of tending to establish intent. See *Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291. The state did not offer to make any such showing in this case. The mere possession of whisky is not in itself sufficient to justify the conviction of a person for having whisky in his possession for unlawful purposes. It is necessary for the state to establish the purpose for which the whisky is held. The testimony on the part of the state indicates that this was a shipment from Ft. Worth, Tex., and, if that is true, it was an interstate shipment. This court has repeatedly held that persons residing in this state have a right to receive interstate shipments for their own use, and, while an unusual quantity might be a circumstance to be considered against one on trial on a charge of this kind, that of itself would not warrant a conviction. The proof must go further and establish the intent and purpose of the person charged. *Alexander v. State,* 3 Okla. Cr. 478, 106 Pac. 988.

At the close of the state's testimony, the defendant below requested the court to advise a verdict for him, which was denied by the court, and he excepted; and, after conviction, he filed a motion for a new trial, which was overruled. The trial court committed error in refusing the request of the appellant for the instruction. The motion for a new trial should have been sustained.

Judgment reversed and the cause remanded, with directions to the court below to grant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.