CAM HORNBECK v. STATE.
No. A-1226. Opinion Filed May 8, 1912.
Appeal from Love County Court;
R. A. Keller, Judge.

Cam Hornbeck was convicted of having possession of intoxicating liquor with intent to sell, and appeals. Reversed and remanded.

Eddleman & Graham, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Cam Hornbeck, was convicted in the county court of Love county on an information which charged the unlawful possession of intoxicating liquor with the intent to violate the prohibition law by unlawfully selling the same. In accordance with the verdict of the jury he was sentenced to serve a term of thirty days in the county jail and pay a fine of fifty dollars. From the judgment he appealed by filing in this court June 29, 1911, petition in error with case-made. Of the various assignments of error it is only necessary to notice the one that the verdict of the jury is contrary to the evidence. From a careful examination of the record we are convinced that the evidence is wholly insufficient to sustain a conviction. It was held by this court in the case of Rice v. State, 5 Okla. Cr. 68, 113 Pac. 207, that mere possession of intoxicating liquors without proof of the pur-

pose for which it was held is insufficient to sustain a conviction of one charged with having possession with intent to violate the prohibition law. There was no evidence in this case of the defendant's intent to violate the prohibition law by selling the intoxicating liquor shipped to him from Ft. Worth, which was seized about the time of delivery. A mere naked presumption founded on the fact of possession standing alone is insufficient to support a conviction. The rule declared by justice and reason requires that the fact of criminal intent be proved and not presumed. The evidence should be of such a character as to overcome prima facie the presumption of innocence. If the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant. Alexander v. State, 3 Okla. Cr. 478, 106 Pac. 988; Rice v. State, 5 Okla. Cr. 68, 113 Pac. 207; McCarthy v. State, 6 Okla. Cr. 483, 119 Pac. 1020. This court has repeatedly held that persons residing in this state have a right to receive interstate shipments for their own use, and while an unusual quantity might be a circumstance to be considered against a defendant on a charge of this kind, that of itself is insufficient to warrant a conviction. The proof must go further and establish the unlawful intent. For the reason stated the judgment is reversed.