## WILL DORSETT v. STATE.

No. A-3214. Opinion Filed May 10, 1919.

(180 Pac. 557.)

TRIAL—Argument—Defendant's Failure to Testify—Mandatory Statute —New Trial. The Code of Criminal Procedure (section 5881, Rev. Laws 1910), provides: "The person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request, shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

Held, that this provision is mandatory, and leaves no discretion in the trial court to refuse to grant a new trial upon the application of the defendant, where the prosecuting attorney in his argument violates the terms of the statute.

3—16

*Appeal from County Court, Jefferson County;*
*E. L. Dillard, Judge.*

Will Dorsett was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,.* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, Will Dorsett, was convicted in the county court of Jefferson County on an information charging that he did have in his possession intoxicating liquor with intent to sell the same, and his punishment fixed at confinement in the county jail for 30 days and a fine of $50.   He has appealed from the judgment rendered upon the verdict.

The only assignment of error is improper conduct of the county attorney in his closing argument to the jury, wherein he referred to the fact that the defendant had failed to take the witness stand in his own behalf, and error of the court in referring to the fact that the defendant did not take the witness stand in his own behalf.

The Attorney General has filed a confession of error in part as follows:

"We agree that the assignment of error, under our law, must be well taken.   We do not concede that there are no circumstances which could be invoked by the defendant's counsel which would warrant mentioning the fact of the defendant failing to take the witness stand, but such are not the facts in this case.

"The defendant having been charged with the unlawful possession of intoxicating liquors, the unlawful . intent on his part was one of the essential ingredients of the offense.   In establishing this intent, the county attorney was at liberty to introduce evidence of sales of intoxicating

liquors prior to the time of the commission of the offense for which defendant was being tried. This court has expressly held that such evidence is admissible as tending to show intent. *Rice v. State,* 5 Okla. Cr. 70, 113 Pac. 203; *Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291.

"This evidence perhaps was not necessary in order to obtain a conviction; but the defendant's counsel had a right to refer to that fact in his argument, restricting the jury to the consideration only of the evidence of the unlawful intent involved in that particular transaction.

"The county attorney and the court evidently had confused this class of cases with the rule which excludes evidence of other sales in a trial of a person for selling intoxicating liquors.

"The learned judge was not justified in stating to the jury that the reputation of the defendant could be assailed only by him first taking the witness stand. This was manifest error.

If the argument on the part of the defendant's counsel was improper and misleading to the jury, it was the duty of the court to stop him and admonish the jury to disregard the improper statements. If the matter involved the issue of general reputation, the jury could have been told that the state could not attack a defendant's character unless it be first put in issue by the defendant. In this case the court told the jury that the defendant could not offer evidence of his character except by going on the witness stand himself.

"In view of section 5881, Rev. Laws 1910, and *Holmes v. State,* 13 Okla. Cr. 113, 162 Pac. 446, the authorities therein cited, we concede that the judgment in this case will have to be reversed. In the *Holmes Case,* supra, this court decided that: Section 5881, Rev. Laws 1910, contains two inhibitions. The first is that the failure of the defendant to take the stand in his own behalf shall not 'be mentioned on the trial.' The second, that this fact shall not be commented on by the counsel for the state.

Held: First, that if counsel comments on the failure of the defendant to take the stand in his behalf, it is mandatory that a new trial be granted; and, second, that the court is not excepted from the inhibition to the effect that the failure of the defendant to take the stand in his behalf shall not 'be mentioned on the trial,' and that it is error for the court to refer to such fact in his instructions or otherwise."

The record shows that the county attorney asked to have his closing argument taken by the court reporter. The county attorney in his closing argument to the jury said:

"John Vertrees says I had not shown that this defendant had not been convicted, that I had not shown that he had a reputation of a bootlegger, when he knows that the only way, and I assume that the county attorney can show those facts, is when the defendant takes the stand himself."

This was objected to by the defendant's counsel as in violation of section 5881, Rev. Laws.

The objection was sustained, and the court gave the following instructions:

"Gentlemen of the jury, you are instructed that you are to disregard any reference the county attorney might have made, because the defendant did not take the stand. It is not evidence and should not be considered."—Defendant excepts.

The county attorney then moved the court to instruct the jury that the state cannot attack or put in issue the reputation of the defendant, nor show a prior conviction until the defendant first puts his reputation in issue. Whereupon the court gave the following instruction:

"Gentlemen of the jury, the reputation of the defendant cannot be put in issue by the state. The only way it can be put in issue before the jury is by the defendant

taking the stand himself"—to which the defendant excepts.

Our Code of Criminal Procedure (section 5881, Rev. Laws) provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons, charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

In the case of *Weinberger v. State*, 8 Okla. Cr. 441, 128 Pac. 160, it is said:

"The statute is in accordance with the constitutional guaranty that 'no person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided.' The clear intent of the statute is that the jury in determining their verdict shall entirely exclude from their consideration the fact that the defendant did not elect to testify, and any reference by the prosecuting attorney in his address to the jury to the fact that the defendant did not testify, constitutes misconduct, and under the terms of the statute, the trial court has no discretion, but must grant a new trial."

And see *Sturgis v. State*, 2 Okla. Cr. 363, 102 Pac. 57; *Nowlin v. State*, 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791.

It follows that the confession of error is well founded and should be sustained.

The judgment of the lower court is therefore reversed.

ARMSTRONG and MATSON, JJ., concur.