## LINCOLN SWEENEY v. STATE.

No. A-7938.   Opinion Filed July 18, 1931.

(1 Pac. [2d] 789.)

O. H. Whitt, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve 60 days in the county jail.

The record discloses that at the time charged certain officers went to the residence of defendant, made a search, and found a quantity of choctaw beer.   The state introduced testimony that this was intoxicating.   The defendant did not testify and offered no evidence.   The evidence for the state is not strong.   However, if the record were free from error, it would be sufficient to sustain the judgment.   During the course of the trial, the judge, in rul-

ing on the admissibility of certain evidence, stated in substance that this questioned evidence was admissible only in the event defendant "went on the stand and for the purpose of impeaching his testimony." Section 2698, Comp. Stat. 1921, forbids mentioning the failure of defendant to become a witness in his own behalf. While the mention here was before the taking of testimony was closed, it was within the inhibition of the statute. The error of the trial court in this particular, considered in connection with the entire record, requires a reversal. Dorsett v. State, 16 Okla. Cr. 65, 180 Pac. 557; Shelton v. State, 49 Okla. Cr. 430, 295 Pac. 240.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.