## CECIL C. DEAN v. STATE.

No. A-8535.   May 19, 1933.
(22 Pac. [2d] 621.)

Taylor & Taylor, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of the offense of assault with a dangerous weapon, and his punishment fixed by the jury at imprisonment in the state penitentiary for a term of two and one-half years.

Defendant's counsel in his brief and oral argument insists that defendant was denied that fair and impartial trial guaranteed by the Constitution (art. 2, § 20) and laws of the state because of the remarks and misconduct of the trial judge.

An examination of the record discloses that the court refused to permit defendant's counsel to conclude his opening statement to the jury, but, over his objection, forced him to take his seat and permitted the state to begin the introduction of its evidence.

One of the issues of the case was the question of whether defendant and his codefendant, C. J. Bloomingkemper, were acting together in the commission of the offense.

Later in the trial, G. C. Mathis, the party upon whom the state alleged the assault with a dangerous weapon was made, was testifying, when the following occurred:

"Q.   What did he have to fight with?   A.   He did not have anything—nothing but his fists.   Q.   What did the other fellow do?   A.   A pair of pliers.   Q.   What did the defendant do with his fists?   A.   They were going to make me lift the car out of the yard, says 'You are an

employee of the company and get this out of here.' By Mr. Taylor: We want the witness to testify who said that. By the Court: It is immaterial, they were both acting together. By Mr. Taylor: Exception."

Later in the trial, the state had called Jackie Dean, sister of defendant, to testify in rebuttal as to what was said by the county attorney to defendant at the time he attempted to induce him to plead guilty, when the following occurred:

"Q. You hadn't talked to your brother much about it at that time? A. No, sir. Q. You have kinda acted more or less as mother to Cecil? By the Court: Objection sustained. We have tried Ernest Jenkins and everybody else in this case but the defendant. By Mr. Taylor: Exception."

The length of time and the scope of the opening statements to the jury are always largely in the discretion of the court, but the court should be very careful not to unduly limit the same, nor to embarrass counsel in the presence of the jury nor arbitrarily compel him to close his statement. The jury in the case at bar might have concluded that the trial court saw no merit in what defendant's counsel expected to prove and so compelled him to close his statement to save time.

The statement of the court that defendant's counsel had tried Ernest Jenkins and everybody else but the defendant was entirely uncalled for and also probably tended to prejudice the minds of the jury against defendant.

Juries are easily influenced by the remarks of a trial judge, and the greatest care should be observed that nothing is said that can by any possibility be construed as an expression of the trial judge's views respecting the merits of a criminal case. Courts cannot be too circumspect in

this regard. Pilgrim v. State, 3 Okla. Cr. 55, 104 Pac. 383; Harrison v. State, 11 Okla. Cr. 14, 141 Pac. 236; Nicholson v. State, 13 Okla. Cr. 123, 162 Pac. 447; Jones v. State, 20 Okla. Cr. 233, 202 Pac. 187; Cosby v. State, 30 Okla. Cr. 294, 236 Pac. 51.

One of the material issues in the case at bar was whether defendant and his codefendant were acting together. The defendant could not be guilty of assault with a dangerous weapon merely by the use of his fists, unless he was aiding and abetting his codefendant who was striking Mathis with the pliers. The evidence of the man assaulted was that defendant only struck him in the breast with his fist, but that his codefendant struck him over the head several times with a pair of pliers and that several wounds were made in his head, from which he became unconscious. Defendant denied that he struck Mathis at all, but claimed that Mathis and his codefendant were fighting and that he sought to separate them.

This court has said that trial judges cannot legally express their opinion, either expressly or impliedly, intentionally or otherwise, as to the credibility of any witness, or as to the truth of any matter in issue. The whole matter of the finding of the facts in the case must be left entirely to the jury, without suggestions or leadings of the court. Havill v. State, 7 Okla. Cr. 22, 121 Pac. 794; Ostendorf v. State, 8 Okla. Cr. 362, 128 Pac. 143; Monagham v. State, 10 Okla. Cr. 89, 134 Pac. 77, 46 L. R. A. (N. S.) 1149; Smith v. State, 12 Okla. Cr. 513, 159 Pac. 941; Shepherd v. State, 17 Okla. Cr. 630, 192 Pac. 238; Sweeney v. State, 51 Okla. Cr. 303, 1 Pac. (2d) 789; Kent v. State, 53 Okla. Cr. 276, 10 Pac. (2d) 733.

It clearly appears from this record that the trial court invaded the province of the jury and decided for them that

defendant was acting with his codefendant, notwithstanding the fact that the evidence was squarely in conflict and the question was one upon which the jury only could pass.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.