Bird Perkins v. The Territory of Oklahoma.

(Filed September 4, 1906.)

CRIMINAL CASE—Failure of Defendant.to Testify—Comment Thereon—Reversible Error. Where a defendant is on trial charged with the commission of a crime, and fails to testify in his own behalf, and the prosecuting officer comments upon such failure to the jury, such comments constitute reversible error.

(Syllabus by the Court.)

*Error from the District Court of Beaver County; before John L. Pancoast, Trial Judge.*

*J. W. Culwell, Geo. H. Healey* and *Lawrence & Huston,* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

Opinion of the court by

BURWELL, J.: The defendant was indicted jointly with his wife for the crime of stealing domestic animals. A severance was had, and the defendant placed on trial first. On this trial his wife was the only witness in his behalf. The defendant did not testify.

It was contended by the prosecution that the cattle alleged to have been stolen were found in the defendant's possession. The county attorney in his closing argument to the jury used the following language:

"Why don't he explain? Why don't they attempt to explain away these circumstances? Why don't they show you how it was he came into possession of that property, or that he was in some other country. That it was impossible

for him to have done it?   There isn't a word of evidence in explanation.   You have just simply the testimony of the state's witness, and it is absolutely uncontradicted, in every particular. ` It shows that this property was stolen, and un-der these circumstances, this man watching the cattle from where he was plowing, as he told you had been his custom, of watching them, keeping them back——"

Here the court interrupted using these words:

"Mr. Loufbourrow; of course you will not refer to the fact that the defendant did not testify."

To which Mr. Loufbourrow replied: ·

"No; no; I didn't desire it to be considered in that way. It is not likely that a bunch of milch cows would stray away a distance of forty miles.   Another   thing, the identity of these cattle is not disputed; they were seen ten miles from where they were taken."

It is insisted that the language on the part of the prose-cuting officer was in violation of the provisions of the stat-utes which prohibits comment upon the failure of a defen-dant to testify in his own behalf.

Section 5206 of the Statutes of Oklahoma, 1893, pro-vides:

"In the trial of all indictments, information, complaints and other proceedings against persons charged with the com-mission of a crime, offenses and misdemeanors before any court or committing magistrate in this territory, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him, nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

This statute is plain and unambiguous, and where its terms are violated the court has no discretion, but must grant

a new trial. The language used was clearly a comment upon the fact that the defendant had not taken the stand and explained his possession of the cattle. It is immaterial what words are used in such circumstances if they, are clearly calculated to direct the attention of the jury to the fact that a defendant has not testified in his own behalf, that he might have done so, and that by such failure some inference might be indulged against him. The language used could scarcely fail to have this effect, and the statement of counsel was not in any way corrected by the inquiry of the court in which it said:

"Of course you will not refer to the fact that the defendant did not testify."

Where a defendant fails to offer any evidence, the prosecution is not prevented from discussing the evidence against him, and to insist that such evidence is undisputed; but a prosecuting officer under the statute must refrain from calling attention of the jury to the fact that a defendant has failed to testify in his own behalf. *Wilson v. The Territory,* 9 Okla. 331.

For the reason stated, the case is hereby reversed, and a new trial granted at the cost of the territory.

Pancoast, J., who presided in the court below, not sitting; Garber, J., absent; all of the other Justices concurring.