## A. G. KELLY v. STATE.

No. A-753.   Opinion Filed September 23, 1911.

(117 Pac. 887.)

NEW TRIAL—Improper Argument of Prosecuting Attorney—Comment on Accused's Failure to Testify.   Comp. Laws 1909, sec. 6833, providing that comment by counsel on the failure of accused to testify shall be ground for new trial, is mandatory; and where the prosecuting attorney, in his argument on the merits, comments on accused's failure to testify, a new trial must be granted.

*Appeal from McClain County Court; E. E. Glasco, Judge.*

A. G. Kelly was convicted of having possession of intoxicating liquors with the unlawful intent to sell the same, and he appeals. Reversed and remanded.

*W. H. Woods,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted of the crime of having possession of intoxicating liquors with the unlawful intent to sell the same, and was sentenced to be confined in the county jail for a period of 90 days, and pay a fine of $200. Judgment and sentence was entered on January 24, 1910. An appeal was taken by filing in this court on May 8, 1910, a petition in error with case-made.

Of the various assignments of error it is necessary to consider only one, as upon that the defendant is entitled to a new

trial. It appears from the record that the defendant did not testify in his own behalf, and one of the grounds of the motion for a new trial was:

"Because of the misconduct of the county attorney, over the objection of the defendant, in commenting upon defendant's failure to request to become a witness on his own behalf."

And for this reason it is assigned as error that the trial court erred in refusing to grant a new trial. The record shows that the language used was clearly a comment on defendant's failure to testify in his own behalf. Our statute expressly forbids a reference to the fact that the defendant failed to testify on his own behalf. Section 6833, Snyder's Stat., provides:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of a crime, offenses, and misdemeanors before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial, if commented upon by counsel it shall be ground for a new trial."

This provision of criminal procedure is mandatory, and it is not within the discretion of the trial court to refuse to grant a new trial upon the application of the defendant, where such comment is made by counsel for the state. The comment was made by the prosecuting attorney in his argument to the jury upon the merits of the case. For this reason a new trial must be granted. *Brown v. State*, 3 Okla. Cr. 442, 106 Pac. 808. It is evident that the comment was inadvertently made; but, whether intentional or inadvertent, the statute is mandatory in requiring that a new trial be granted on the defendant's motion therefor.

For this reason the judgment of the county court is reversed, and the cause remanded with direction to grant a new trial.