TAVE TEER v. STATE.

No. A-2033. Opinion Filed September 30, 1913.

Appeal from County Court, Murray County;

Harry W. Fielding, Judge.

Tave Teer was convicted on a charge of selling intoxicating liquor, and appeals. Reversed.

Ira M. Roberts, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, Tave Teer, was convicted at the May, 1913, term of the county court of Murray county on a charge of selling intoxicating liquor, and his punishment fixed at imprisonment in the county jail for a period of sixty days and a fine of one hundred dollars. The appeal was perfected in this court on June 30, 1913. The Attorney General has requested the advancement of this cause for immediate determination and filed a confession of error, and advises the court that in his judgment the conviction had in the lower court should be reversed on account of misconduct on the part of the county attorney during the trial. It appears by the record that the plaintiff in error did not testify during the trial; that he was seated in the court room near the entrance and had been pointed out by witnesses. During the argument the county attorney urged the jury to return a verdict of guilty, and, among other things, said: "I want you to return a verdict that a man cannot do like the defendant did and then sit back in the audience as a spectator and look the jury in the face." Counsel objected to this argument; the objections were overruled and exceptions saved. This proposition was raised by motion for a new trial and is assigned as error in this court. Section 5881, Revised Laws 1910, provides: "In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense, or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial." This particular section of the statute was the law in Oklahoma Territory prior to the admission of the state into the Union and was construed in the case of Wilson v. Territory, 9 Okla. 331, nearly fifteen years ago, and later followed in Perkins v. Territory, 17 Okla. 82. Shortly after the creation of the Criminal Court of Appeals this question was raised in the case of Sturgis v. State, 2 Okla. Cr. 362. The doctrine is stated in the syllabus of that opinion as follows: "Our statute is mandatory, and, when the defendant has failed to become a witness in his own behalf, this fact must not, directly or indirectly, be mentioned or in any manner referred to or called to the attention of the jury. If such an attempt is made by counsel for the defense, the court must at once intervene and reprimand the counsel making such an attempt, and see that it is not repeated. If such an attempt is made by the prosecuting attorney and a conviction follows, a new trial must be granted to the defendant." This doctrine has been uniformly followed by this court. See Brown v. State, 3 Okla. Cr. 442; Kelly v. State, 6 Okla. Cr. 175; Nowlin v. State, 7 Okla. Cr. 27; Wein-

berger v. State, 8 Okla. Cr. 441. In his argument the county attorney called the attention of the jury to the fact that the defendant had not participated in the trial, but was rather acting the part of a spectator in the audience. The court should not have permitted the argument, and when the matter was called to his attention he should have granted a new trial without imposing the expense of an appeal on the tax-payers of his county. The judgment is reversed, with instructions for the county court to grant a new trial according to law.