## B. W. BRADLEY v. STATE.

No. A-2099. Opinion Filed February 9, 1915.

Appeal from Superior Court, Muskogee County;

Farrar McCain, Judge.

B. W. Bradley was convicted of violating the prohibitory law, and appeals. Reversed.

S. E. Gidney, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted on an information charging the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of two hundred fifty dollars and imprisonment in the county jail for a period of thirty days. On July 3, 1913, the court rendered judgment and sentence in accordance with the verdict. To reverse the judgment an appeal was perfected. It appears from the record that the defendant did not testify. It further appears that the county attorney, in his closing argument to the jury, arguing to the jury that the proof upon the part of the state showed that the defendant had the intoxicating liquor with the intention of selling it, and in connection therewith used the following language:

"And no one has taken the stand and said that he did not intend to sell it." Which remark was duly objected to by counsel for the

defendant, who requested the court to instruct the jury to disregard the statement of counsel as being improper. Which objection was overruled and request denied. To which action of the court exceptions were taken.

Our procedure criminal provides that: "* * * the person charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him, nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial." (Sec. 5881 Revised Laws.)

The statutory rule that no reference shall be made to the failure or refusal of a defendant to avail himself of his right to testify, shall not be commented on in the event he does not become a witness in his own behalf, is found in the statutes of nearly every state, and this rule has been enforced by numerous decisions of this court. Sturgis v. State, 2 Okla. Cr. 362; Brown v. State, 3 Okla. Cr. 442; Kelly v. State, 6 Okla. Cr. 175; Nolen v. State, 7 Okla. Cr. 27; Wineberger v. State, 4 Okla. Cr. 441; Teer v. State. 10th Okla. Cr. 651; In Sturgis v. State, above cited, it is said: "The statute is mandatory, and, when it is violated, either in its letter or its spirit, a new trial must be granted or upon appeal a reversal will follow. The trial court, therefore erred in not granting a new trial on account of the fact that the county attorney, in his argument called the attention of the jury to the fact that the defendant had failed to testify in his own behalf. If counsel for the defense in any manner refer to the failure of the defendant to take the witness stand the court should at once intervene and rebuke such attempt and see that it is not repeated."

The contention is made that the statement is an allusion to the failure of the defendant to take the stand and testify as a witness in his own behalf, and the further contention is made that the action of the court in refusing to sustain the objection made, and to instruct the jury to disregard the statement of the prosecuting attorney as being improper, was prejudicial to the substantial rights of the defendant.

We are of opinion that these contentions are correct. The statement made could mean nothing else but to point out the fact to the jury that the defendant had not testified. The court at least should have sustained the objection and admonished the jury to disregard the statement made. It follows that the judgment must be reversed, and a new trial granted.