## T. M. HOLMES v. STATE.

No. A-2558. Opinion Filed January 27, 1917.

(162 Pac. 446.)

TRIAL—Comments on Failure of Accused to Testify—New Trial. Section 5881, Rev. Laws 1910, contains two inhibitions. The first is that the failure of the defendant to take the stand in his own behalf shall not "be mentioned on the trial"; the second, that this fact shall not be commented on by the counsel for the state. **Held:** First, that if counsel comments on the failure of the defendant to take the stand in his own behalf, it is mandatory that a new trial

be granted; and, second, that the court is not excepted from the inhibition to the effect that the failure of the defendant to take the stand in his own behalf shall not "be mentioned on the trial," and that it is error for the court to refer to such fact in his instructions or otherwise.

*Error from County Court, Canadian County;*
*R. B. Forrest, Judge.*

T. M. Holmes was convicted of having possession of intoxicating liquor with intent to violate the law, and he brings error. Reversed.

*Fogg & Bennett,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. Plaintiff in error was tried and convicted in the county court of Canadian county of having intoxicating liquors in his possession with intent to violate the prohibition laws.

Without going into the facts, we will say the evidence is abundant to justify and sustain the verdict. But the defendant did not take the stand in his own behalf or offer any evidence whatever. And in the closing argument the assistant county attorney said, "Not a single bit of evidence introduced by the state has been contradicted by the defendant." The defendant took exceptions to this remark, and asked the court to admonish the "jury to disregard such remarks." The court stated he would prepare a written instruction on the proposition, and directed counsel for the state to proceed with his argument. At the close of his argument the court delivered to the jury the following written instruction:

"You are further instructed that under the law the defendant in a criminal trial may be a witness in his own behalf; but the circumstance that he declines or fails to

testify in his own behalf shall not be considered by the jury nor given weight by them in the consideration of their verdict. You are further instructed that reference directly or indirectly to the defendant's failure to become a witness is not permissible and is against the law; and you are instructed that you should not consider such reference, but should entirely disregard it, as you should disregard defendant's failure to go upon the stand to contradict or give evidence. You should be governed by evidence presented, and disregard any circumstance not arising from evidence presented."

The defendant objected and took exceptions to the giving of this instruction. And it is upon these proceedings that he relies for a reversal.

Section 5881, Rev. Laws 1910, provides that:

"In the trial of all indictments, informations, compaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

It will be noticed that there are two inhibitions contained in this statute. The first is that the failure of the defendant to take the witness stand in his own behalf shall not "be mentioned on the trial"; and the second is that that fact shall not be commented upon by counsel for the state. And it seems to us that both of these inhibitions have been violated in the instant case.

The remarks of the assistant county attorney, in view of the fact that the defendant had not gone upon the stand himself, nor offered any testimony whatever, we

think, were clearly calculated to direct the attention of the jury to the fact that the defendant had not testified in his own behalf; for it is immaterial what particular words are used by counsel, if it is clear that those words have this effect. Had the defendant introduced any evidence, the remarks might then have been construed as having been made with reference to the futility of the testimony introduced; but, in the absence of any evidence on his part, we think the remark could not be construed in any other light than as a reference to the failure of the defendant to testify in his own behalf. And it has been repeatedly held that this statute is mandatory; and, whether the comment is made inadvertently or intentionally, the effect is the same, and the statute requires that a new trial be granted. *Wilson v. Territory,* 9 Okla. 331, 60 Pac. 112; *Perkins v. Territory,* 17 Okla. 82, 87 Pac. 297; *Brown v. State,* 3 Okla. Cr. 442, 106 Pac. 808; *Kelly v. State,* 6 Okla. Cr. 175, 117 Pac. 887; *Nowlin v. State,* 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791; *Weinberger v. State,* 8 Okla. Cr. 441, 128 Pac. 160; *Teer v. State,* 10 Okla. Cr. 651, 135 Pac. 1198.

Again, we think the instruction of the court, instead of curing the effect of the prejudicial remarks of the assistant county attorney, was in itself a direct violation of the first inhibition, which provides that the failure of the defendant to take the stand in his own behalf shall not "be mentioned on the trial." The court is not excepted from the operation of this inhibition, and when he gave this charge, which specifically called the attention of the jury to the fact that the defendant did not take the stand in his own behalf, that was in direct violation of the plain terms of the statute, which says that that fact shall not "be mentioned on the trial." Of course, if the defendant

had requested this instruction, or acquiesced by silence, he could not now complain, or if the judge had given the oral admonition requested, while it would have been error, he could not have complained of that; but this instruction was given over his objection and exception, and was therefore given solely upon the responsibility of the court.

For these reasons, the judgment is reversed, and the cause remanded for a new trial.

DOYLE, P. J., and ARMSTRONG, J., concur.