## R. B. THORESON v. STATE.

No. A-9662.    March 21, 1940.

(100 P. 2d 896.)

Hughes & Dickson and Rizley & Dale, all of Guymon, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant R. B. Thoreson was charged with one Harry Hall in the district court of Texas county with the offense of robbery, was tried, and a verdict was rendered finding the defendant "guilty of assault, as charged in the information herein and fix his punishment at 30 days in the county jail and pay a fine of $100." Judgment and sentence was pronounced in accordance with said verdict, and an appeal has been taken to this court.

The information filed against the defendant, omitting the formal parts, reads as follows:

"That the said R. B. Thoreson and Harry B. Hall did knowingly, willfully, unlawfully, wrongfully and feloniously make an assault in and upon one Donald G. Neil by representing themselves to be officers of the law, thereby putting the said Donald G. Neil in fear of immediate and unlawful injury to his person if he, the said Donald G. Neil resisted, and did then and there under and by means of the use of force and putting in fear, unlawfully, willfully, wrongfully and feloniously against the will of him, the said Donald G. Neil take, steal and carry away from the present possession and immediate possession and immediate presence of him, the said Donald G. Neil, certain personal property to wit:   One dollar and thirty-five cents ($1.35) in good and lawful money of the United States of America with the unlawful, wrongful and felonious intent then and there on the part of them, the said

R. B. Thoreson and Harry B. Hall to rob and deprive the said Donald G. Neil of said property and to convert same to their own use and benefit; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The proof in substance shows that the complainant, Donald Neil, was 25 years of age; lived in Cleveland, Ohio; that he had been out West and was returning to his home in Cleveland on November 8, 1938, when he stopped in Guymon to spend the night; that he was a hitchhiker and had worked for a farmer at Dalhart, Tex., that day before coming to Guymon, and had $1.35 on his person when he arrived in Guymon; that he met Hall and Thoreson at the Wheat Belt Grill where he had come to see about a job in the restaurant; that Hall poured a drink of whisky into a glass and he drank it at Hall's insistence; that he left Hall and Thoreson and went into the Recreation parlor. While he was drinking a cup of coffee, Thoreson and Hall came in and said, "You are going with us." Neil was forced off the stool and pushed out of the restaurant. Thoreson's pick-up was in front of the cafe. Thoreson got in first, then Hall, and then the complainant, with Thoreson under the wheel. They drove to the east end of the courthouse and stopped, and ordered the complainant out of the car. Thoreson ripped open the front of the complainant's jacket, went through his pockets, and took out the $1.35. The jacket was introduced in evidence and showed where three buttons had been torn from it.

The complainant stated that he did not resist because he was facing Thoreson with Hall immediately behind him; that they all three then got back in the pick-up and drove about a mile and a half or two miles out on the highway where they put the complainant out and ordered him to leave town; that the complainant made his way back to Guymon and reported the incident to the officers

the next morning; that the defendant was a son of a prosperous farmer of the Guymon community, who had resided there several years; that the day the offense is alleged to have occurred was election day, and the defendant Thoreson and Hall had been drinking too much because of the election spirit that prevailed in the community that night.

The evidence further shows the morning after the alleged offense occurred, when the officers started to look for the defendant, that they were unable to find him. That he was arrested several days later in California and returned to Texas county to face the charges growing out of these occurrences heretofore related.

Hall was charged jointly with this defendant, but entered his plea of guilty and was given a suspended sentence of five years in the state penitentiary. Hall testified for the state that he got in such a drunken condition that he lost his memory at the Wheat Belt Cafe and did not remember a thing that happened until about 6 o'clock the next morning.

The defendant did not take the stand. The testimony offered in his behalf was explanatory of his action in going to California, which was offered to refute the contention of the state that the defendant was fleeing to escape arrest because of this alleged offense.

The defendant assigns as error:

(1) Error of the court in permitting the county attorney, George M. Frittz, who as private attorney represented the codefendant Hall, to prosecute this action against the defendant Thoreson.

(2) Error of the court in submitting an instruction to the jury on the crime of assault.

(3) Misconduct of the county attorney in referring to the fact that the defendant did not testify in his closing argument to the jury.

In support of the first assignment, the defendant took the testimony of the county attorney who swore that he had known the defendant by sight for three or four years; that he was employed to defend Harry Hall, the codefendant, subsequent to his arrest on this charge. That he appeared at the preliminary hearing of Hall and examined the witnesses who testified in that hearing, who were substantially the same witnesses who testified for the prosecution in the trial of Thoreson. That Hall subsequent to being bound over to the district court entered his plea of guilty. That he never at any time during his employment by Hall discussed the connection of R. B. Thoreson with the case and did not talk to Thoreson about the case at any time. That Hall told him that his mind was a complete blank that evening and no mention of Thoreson was made in any way. That he talked to the witnesses after he took his oath as county attorney concerning the defendant Thoreson so as to prepare for the trial of Thoreson.

This court has held in Steeley v. State, 17 Okla. Cr. 252, 187 P. 821, and in Hall v. State, 24 Okla. Cr. 197, 217 P. 229, that an attorney cannot be permitted to assist in the prosecution of a criminal case if by reason of his professional relations with the accused he has acquired a knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith. It is the duty of the court to see that a person on trial is not deprived of any of his statutory or constitutional rights. The members of the legal profession should have at all times the fullest confidence of their clients. If anything is done to abuse this confidence, the legal profession will

suffer by the loss of the confidence of the people; and if the evidence in any case discloses that the prosecuting attorney might be possessed of some privileged information by reason of former services rendered by him, then it is the duty of the court to disqualify the prosecuting attorney.

In the case of Lewis v. State, 39 Okla. Cr. 119, 263 P. 473, 474, we laid down the following rule:

"Where two or more defendants are jointly charged and a severance is taken, counsel appearing for one defendant is not by such fact alone precluded from aiding in the prosecution of another defendant."

As was stated in the body of the opinion of that case:

"We do not perceive why the mere fact of employment of an attorney by a defendant jointly charged operates as a disqualification against his appearing against a codefendant."

Since under our Code a codefendant may testify against the defendant on trial, an attorney cannot be said to be representing conflicting interests when he appears for a codefendant and later appears as prosecutor. The question of the disqualification of a county attorney depends upon the facts in each particular case, and unless a showing is made that the prosecutor has secured information from the defendant because of the confidential relationship which he had with the defendant through representation of the codefendant, which information concerns the offense with which the defendant stands charged, then the county attorney is not disqualified. An examination of the record herein does not disclose that the county attorney is disqualified, and we find no error in the action of the trial court in refusing to disqualify him.

The court over the objection and exception of the defendant gave the following instruction:

"If you find the defendant not guilty of the crime of robbery, and if you find the defendant not guilty of the crime of attempt to commit robbery, then you will next consider whether or not the defendant is guilty of the crime of assault.

"The statutes of Oklahoma provide that an assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another.

"Assault shall be punishable by imprisonment in the county jail not exceeding 30 days, or by a fine of not less than $5 or more than $100 or both.

"Therefore, in this case, if you find from all the facts and circumstances, and beyond a reasonable doubt that on or about the 9th day of November, 1938, the defendant R. B. Thoreson and Harry B. Hall did knowingly, willfully, unlawfully and wrongfully make an assault in and upon one Donald G. Neil, by representing themselves to be officers of the law, thereby putting the said Donald G. Neil in fear of immediate and unlawful injury to his person if he the said Donald G. Neil resisted and did thereunder and by means of the use of force and putting in fear unlawfully, willfully and wrongfully and against the will of Donald G. Neil attempt to take, steal and carry away from the present possession and immediate presence of him the said Donald G. Neil, certain personal property, to wit, good and lawful money of the United States of America, with the unlawful and wrongful intent then and there on the part of them the said R. B. Thoreson and Harry B. Hall to rob and deprive the said Donald G. Neil of said property and to convert same to their own use and benefit, then and in that event you will find the defendant guilty of the crime of assault and fix his punishment at imprisonment in the county jail not exceeding 30 days or by a fine of not less than $5 or more than $100, or both.

"Otherwise you will find the defendant not guilty of assault."

Assuming for the purpose of discussing this information that simple assault is an included offense under

the charge of robbery, still the above instruction is erroneous.

Instead of clarifying the issue, the above instruction would only tend to confuse the jury and might cause them to think that the court expected a verdict of guilty of either the offense of robbery or of assault.

As was stated in the case of Love v. State, 12 Okla. Cr. 1, 150 P. 913, 916:

"When the defendant may be convicted of a lower degree of the offense charged, the instructions should cover the lower degrees, and the jury should have been instructed that if after a fair and impartial consideration of all the evidence in the case they were not convinced beyond a reasonable doubt of the defendant's guilt, as charged in the information, then it would be their duty to consider as to whether he was guilty of the next lower offense embraced in the charge."

The court never did instruct the jury that assault was an included offense in the charge of robbery, and that if they were not convinced beyond a reasonable doubt of the defendant's guilt of robbery, then it would be their duty to consider whether he was guilty of the included offense of assault. Instead, the court, after giving the definition of assault and the punishment for conviction of the same, repeats the facts set forth in the information and states if the jury is convinced that the defendant committed those acts, then the defendant should be found guilty of the crime of assault. In instruction No. 4 the court made the same recitals as to the facts and stated that if the jury found those facts to exist they should find the defendant guilty of robbery as charged in the information. These statements are confusing to the jury. Hereafter, in this opinion, we shall consider the question as to whether or not the offense of assault is necessarily an included offense under the charge of robbery; but even though

it should be an included offense, the instruction given by the court herein is erroneous.

Section 2884, O. S. 1931, 22 Okla. St. Ann. § 402, reads as follows:

"The indictment or information must be direct and certain as it regards:

"First [1]. The party charged.

"Second [2]. The offense charged.

"Third [3]. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Section 2886, O. S. 1931, 22 Okla. St. Ann. § 404, reads as follows:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

From the examination of these sections, we find that the information, with the single exception as stated in section 2886, O. S. 1931, 22 Okla. St. Ann. 404, must charge but one offense, and that the language must be definite and certain as regards that offense.

The general rule is that when a crime is divided into different degrees, that the greater degree always includes the lesser. We have given full weight to this rule, and it is the statutory law of this state. Section 3097, O. S. 1931, 22 Okla. St. Ann. § 916, reads as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This section must be construed in connection with section 2886, O. S. 1931, 22 Okla. St. Ann. § 404, hereinbefore quoted, which provides that the information must charge but one distinct offense. The courts have no power to submit an instruction to a jury authorizing them to convict a defendant on any offense unless it is necessarily included in the offense with which he is charged in the information, with the exception that they may submit the question of attempt to commit such an offense. If, therefore, the offense of simple assault is not necessarily included in that of robbery, a defendant charged only with the offense of robbery cannot be convicted of assault.

Section 2542, O. S. 1931, 21 Okla. St. Ann. § 791, defines robbery as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Section 2546, O. S. 1931, 21 Okla. St. Ann. § 794, provides:

"The fear which constitutes robbery may be either:

"First [1].    The fear of an unlawful injury, immediate or future, to the person or property of the person robbed or of any relative of his, or member of his family; or,

"Second [2].    The fear of immediate and unlawful injury to the person or property of anyone in the company of the person robbed, at the time of the robbery."

Robbery may be with force and violence or by putting in fear. If the information alleges force and violence, it need not allege putting in fear or vice versa. See State

v. McCune, 5 R. I. 60, 70 Am. Dec. 176, and lengthy explanatory note of various decisions cited thereunder.

An assault is defined as any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. Section 1865, O. S. 1931, 21 Okla. St. Ann. § 641.

In Cochran v. State, 4 Okla. Cr. 379, 111 P. 974, 975, this court had before it for determination the question as to whether or not the offense of riot was necessarily included in the offense of robbery. Judge Furman in that decision stated the following:

"* * * Force is not a necessary element in the crime of robbery. If personal property is wrongfully taken from the possession of another from his person or immediate presence and against his will, through fear of an unlawful injury, immediate or future, to the person or property of the person robbed, or of a relative of his or member of his family, such taking is just as much robbery as though it was committed by actual force. * * *

"The statutory elements of the crime of riot are the use of force or violence, or threats to use force or violence, accompanied by immediate power of execution. Unless these elements exist there can be no riot; but robbery may be committed with an entire absence of all of these elements. The offense of robbery may be committed when there was no immediate force used or attempted to be used, through fear of future injury to the person or property of the person robbed, or of any relative of his or member of his family. But this would not be true as to riot. We therefore cannot say that riot is a necessary element of robbery; and, if it is not a necessary element of robbery, neither can it be said that it is necessarily included in robbery."

There is some evidence in the record herein that the defendant and his codefendant Harry Hall represented that they were officers of the law. A mere representation by the defendants that they were officers of the law, un-

less accompanied by some show of force or violence towards the person of the complainant, would not constitute an assault. In practically every case of robbery the offense of assault will be included therein, but a robbery may occur because of the fear of future injury to the property of the person robbed. Many instances could be related where persons may be put in fear and give up their money when there was no offer with force or violence to do corporal hurt to the persons offended.

Robbery and assault are closely related. This court has never passed directly upon the question as to whether an assault is necessarily included in the offense of robbery. Some of the decisions from the courts of other states, notably California, Alabama, Mississippi, Michigan and Iowa, have held that assault is an included offense in robbery. Alabama and some of the other states have never passed a statute defining robbery, but still follow the common law. In those states which do have a statute defining robbery, the definition is practically the same as in Oklahoma; and there is very little difference between the statutory definition of robbery and robbery as defined under the common law. In Oklahoma we have an additional qualifying statute defining what is meant by the word "fear" in the robbery statute. See section 2546, O. S. 1931, 21 Okla. St. Ann. § 794, supra. If you consider the definition of robbery as given by our statute together with the meaning of the word "fear" as defined by section 2546, supra, it is plain to be seen that there can be cases of robbery where there is no actual assault. The interpretation of this court in Cochran v. State, supra, sustains this view and convinces us that assault, though frequently included in robbery, is not necessarily an included offense.

In this particular case the evidence is sufficient to sustain a conviction for simple assault, but the court erred

in submitting this question under the information filed herein because the information charges only the offense of robbery.

If at any time a county attorney is in doubt as to which of two felonious offenses have been committed, he may in his information set forth separate counts charging each offense where both counts are based upon the same transaction. Section 2886, O. S. 1931, 22 Okla. St. Ann. § 404.

In this case, if the county attorney wishes the offense of simple assault to be submitted to the jury upon a retrial of this case, he should amend his information and set forth therein a count charging robbery and a second count charging some degree of felonious assault; and the offense of simple assault may be given to the jury under proper instructions because it is an included offense under whatever felonious assault may be charged in the second count.

It appears from the record through affidavits filed on behalf of the defendant that the county attorney in his closing argument used the following language:

"You have heard the witnesses from this witness stand testify that this crime of robbery was committed by this defendant, and this defendant has not denied it."

When this statement was purportedly made by the county attorney, counsel for the defendant immediately objected and moved for a mistrial, which was overruled. The state introduced, as evidence upon the motion for a new trial, an affidavit signed by all the jurors who tried the case that they did not hear the county attorney make this statement.

The county attorney admitted that he made the statement: "The offense charged has never been denied."

After the controverted statement had been made, counsel for the defendant requested the reporter to take the remainder of the county attorney's argument, which was done and a copy of which is included in the record, but nothing objectionable appears therein.

Section 3068, O. S. 1931, 22 Okla. St. Ann. § 701, reads as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

We have repeatedly held that it is fatal error for a prosecutor to refer either directly or indirectly to the fact that defendant did not testify. See the following cases: Perkins v. Territory, 17 Okla. 82, 87 P. 297; Wells v. State, 29 Okla. Cr. 11, 231 P. 1087; Brown v. State, 3 Okla. Cr. 442, 106 P. 808; Schrader v. State, 40 Okla. Cr. 261, 268 P. 325; Shelton v. State, 49 Okla. Cr. 430, 295 P. 240.

Since the record herein is not clear as to whether or not the county attorney made the statement charged to have been made by him, and because of the fact that this case must be sent back for a new trial on other grounds as hereinabove set forth, it is not necessary to pass on this question. Upon a retrial of this case, however, the court should give his undivided attention to the conduct of the trial so that he may know what statements counsel make in their arguments; and he should be very careful to see that counsel do not travel outside the record or go beyond the bounds of legitimate argument.

142

For the reasons hereinabove assigned, this cause is reversed and remanded to the district court of Texas county, with orders to grant the defendant a new trial.

DOYLE, P. J., and BAREFOOT, J., concur.