**Raymond WALKER,
Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–1079A300.**

Court of Appeals of Indiana,
Third District.

March 27, 1980.

Edward C. Hilgendorf, South Bend, for appellant.

Theo. L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Presiding Judge.

Appellant Raymond Walker appeals from his conviction for burglary. The sole error asserted on appeal concerns the fact that the deputy prosecuting attorney who tried the case for the state had, prior to joining the prosecutor's staff, represented another participant in this same burglary in juvenile court proceedings.

 Walker has cited to us several decisions from other jurisdictions involving the disqualification of the prosecuting attorney where he has previously represented a co-defendant. These cases have uniformly held that an attorney will not be permitted to assist in the prosecution of a criminal case if by reason of his professional relation with the accused, he has acquired a knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith. On the other hand, an attorney who has merely represented a co-defendant in a separate proceeding is not precluded from assisting the prosecution on that basis alone.[1] *Martin v. Kentucky* (W.D.Ky.1963), 221 F.Supp. 112, aff'g (Ky.App.1963), 361 S.W.2d 654; *Thoreson v. State* (1940), 69 Okl.Cr. 128, 100 P.2d 896; *Lewis v. State* (1928), 39 Okl.Cr. 119, 263 P. 473.

However, Walker made no objection to the attorney's participation in the trial. Instead, his objection at trial and on appeal is that the attorney's former client was permitted to testify as a witness for the state. That objection is not well taken. The co-defendant was a competent witness and the state was entitled to the benefit of his testimony.

To aid in assessing the credibility of this witness, Walker was entitled to explore with him his relationship with the attorney prosecuting the case, whether he had made a plea bargain and agreed to testify against Walker, or any other relevant factors. *Cf. Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684. This Walker did. It was then for the jury to assess the credibility of the witness and the other evidence presented and arrive at their determination.

No error was committed. Affirmed.

HOFFMAN and STATON, JJ., concur.

---

1. Even so, where staffing permits, it better serves the *perception* of justice and fair play for such a prosecutor or deputy to recuse himself from such prosecutions.