## BERT McLAUGHLIN v. STATE.

No. A-2636.    Opinion Filed January 15, 1918.

(169 Pac. 657.)

**CRIMINAL LAW—Failure of Defendant to Testify—Instruction—Statute.** Section 5881, Rev. Laws 1910, contains an inhibition to the effect that the failure of a defendant to take the stand in his own behalf shall not be mentioned on the trial. The trial court is not excepted from this inhibition, and when an instruction is given, over his objection and exception, calling the attention of the jury to the fact that he failed to testify in his own behalf, a judgment of conviction cannot be sustained.

Matson, J., dissenting.

*Error from County Court, Tulsa County;*
*J. W. Woodford, Judge.*

Bert McLaughlin was convicted of violating the prohibition law, and he appeals. Reversed.

*Luther James* and *McAdams & Haskell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Bert McLaughlin, was convicted at the December, 1915, term of the county court of Tulsa county, on a charge of having unlawful possession of intoxicating liquors with intent to sell the same. His punishment was fixed at a fine of $500 and imprisonment in the county jail for 90 days. From this judgment he has duly prosecuted an appeal to this court.

The only assignment of error which was urged in the argument and in the brief is based upon the following instruction of the court, to wit:

"You are instructed that as a matter of law the defendant is not compelled to take the stand in his own behalf, and that fact is not to be taken as evidence of guilt, as he has a right to rely upon the law which presumes him to be innocent until he is proven guilty, and the state is required to prove the allegations of the information without any obligation upon the part of the defendant to take the stand."

This instruction was given over the objection and exception of the plaintiff in error. The complaint against this instruction is based upon the provisions of section 5881, Rev. Laws 1910, which is as follows:

"In the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

We have many times been called upon to discuss the principle here involved. Among the early cases is that of *Sturgis v. State*, 2 Okla. Cr. 362, 102 Pac. 57. Among other things in that opinion, it is said:

"It is improper for the court or any other person to refer or in any manner call attention, in the presence of the jury, to the fact that the defendant has failed to testify in his own behalf. * * *"

See *Brown v. State*, 3 Okla. Cr. 442, 106 Pac. 808; *Nowlin v. State*, 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791.

In the latter opinion, written by Presiding Judge Furman, it is said:

"It matters not what we think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

See, also, *Weinberger v. State*, 8 Okla. Cr. 441, 128 Pac. 160; *Teer v. State*, 10 Okla. Cr. 651, 135 Pac. 1198.

In *Times v. Commonwealth*, a Kentucky case reported in 77 S. W. 363, discussing this proposition, the Court of Appeals said:

"In No. 4 the jury were instructed 'that they shall not comment upon the failure of the defendant to testify; neither shall they draw any presumption of his guilt by his failure to testify.' The jury's mind was thus directed to the fact that the appellant had not testified in his own behalf, and no comment by the commonwealth's attorney could have been more injurious to his interest than was done by this instruction. The court, by the instruction in question, did appellant the very injury which it is the object of the law to prevent. Appellant was entitled to absolute silence on his failure to testify in his own behalf."

This statute set forth *supra* unquestionably guarantees to a defendant the right of absolute silence on his failure to testify in his own behalf. We are unable to see wherein comment of counsel could be more injurious than the comment of the court.

The identical proposition presented in this case was determined by this court in an opinion by Brett, J., in the case of *Holmes v. State*, 13 Okla. Cr. 113, 162 Pac. 446, in which it is said:

"Section 5881, Rev. Laws 1910, contains two inhibitions. The first is that the failure of the defendant to take the stand in his own behalf shall 'not be mentioned

on the trial'; the second, that this fact shall not be commented on by the counsel for the state. *Held:* First, that if counsel comments on the failure of the defendant to take the stand in his own behalf it is mandatory that a new trial be granted; and second, that the court is not excepted from the inhibition to the effect that the failure of the defendant to take the stand in his own behalf shall 'not be mentioned on the trial,' and that it is error for the court to refer to such fact in his instructions or otherewise."

It follows therefore that the judgment in the case at bar must be reversed, upon the ground that the instruction complained of was prejudicial.

Reversed.

DOYLE, P. J., concurs.   MATSON, J., dissents.