## IKE LUCE v. STATE.

No. A-5836.  Opinion Filed Jan. 8, 1927.
(252 Pac. 452.)

50

S. H. Singleton and Bond & Bond, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county upon a charge of robbery, and sentenced to serve a term of ten years in the state penitentiary.

The information was filed on March 28, 1925, and alleges the commission of the crime June 3, 1921. The record discloses that for three years or longer defendant was a fugitive. The facts appear about as follows: Everett Jackson, in the nighttime, while on his way from the town of Marlow to his home about eleven miles in the country, driving a Ford roadster, slowed down to cross a culvert, two persons stepped on the running board of his car, forced him to drive upon a side road, and there, by putting him in fear, took from him about $120 in money. That morning the defendant had ridden a part of the way with Jackson, who had informed him he intended to procure money with which to pay for chopping cotton. After the robbery, Jackson immediately returned to Marlow and reported. Certain officers that night and the following morning made a search, and testified that from the scene of the robbery they found tracks of two men leading to defend-

ant's house. Defendant was not found, though a search was made for him. He was not apprehended for some three years. Defendant did not take the stand, but offered testimony tending to prove an alibi, and also contradicting the evidence of Jackson as to the source from which he procured the money taken from him.

The contention is first made that the evidence, so sharply contradicted, is insufficient to sustain the verdict. But, considering that the trial did not take place until some four years after the occurrence, the jury must have considered that the witness Jackson was in error as to the manner or time of procuring the money, but they must have believed his testimony that the money was taken from him by defendant. All the facts and circumstances proven in the case, defendant's flight, and his failure to take the stand, are circumstances strongly indicative of guilt, and all together are sufficient to sustain the verdict.

Complaint is next made that the court erred in failing to give a short continuance to enable defendant to procure rebuttal testimony. The evidence was that of an employee of a bank at Marlow. No continuance was necessary to have procured this witness, for, if subpoena had been issued upon a disclosure by the testimony of Jackson of the state's contention, the witness could have been present when desired. The fact sought to be shown by his testimony was covered by the evidence of other witnesses, and the testimony would have been cumulative.

It is also urged that the court committed reversible error in instruction No. 9, which is:

"You are instructed, gentlemen, that the failure of the defendant to take the stand in this case shall not create any presumption against him."

No exception was taken to this instruction, nor re-

quest made for more specific instruction. Nor was the giving of this instruction assigned as error in the motion for a new trial. In McLaughlin v. State, 14 Okla. Cr. 192, 169 P. 657, an instruction substantially the same as this was held to be reversible error. In the case of Russell v. State, 17 Okla. Cr. 164, 194 P. 242, this court distinguished and modified the McLaughlin Case, and held that the giving of such an instruction was not fundamental error, and affirmed the conviction, saying:

"Even should the instruction be considered as a mention of the fact that the defendant did not take the witness stand in his own behalf, its giving would not be fundamental error unless commented upon by counsel, in which event the defendant would be entitled to a new trial. There is no contention made that counsel in any manner commented upon this instruction or upon the failure of the defendant to testify in this case. We reach the conclusion, therefore, that although the giving of said instruction be considered erroneous, no proper objection having been made or exception taken thereto in the manner required by law, and, the error complained of not being fundamental in character, it is without prejudice to the substantial rights of the defendant in this case."

See, also, Ford v. State, 5 Okla. Cr. 240, 114 P. 273.

Upon the whole record, there appears no reason for a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.