LANDON SHELTON v. STATE.

No. A-7501.   Opinion Filed Jan. 17, 1931.
(295 Pac. 240.)

John D. Rutherford and W. Shearer Brown, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Wagoner county of the crime of robbery by the use of firearms, and

his punishment fixed by the jury at confinement in the state penitentiary for a period of 30 years.

The defendant complains of numerous errors, but to enable the court to dispose of this case it will only be necessary to pass upon two questions:

First. Error of the court in mentioning that it was necessary for the defendant to take the witness stand before he could offer certain proof.

Second. Error of the county attorney in commenting upon the fact that the defendant had not taken the witness stand.

The Attorney General in his brief says:

"While several alleged errors are presented in the brief filed in behalf of plaintiff in error as grounds for the reversal of this judgment we believe none of them possess sufficient merit to justify a reversal of this case except perhaps one, and we believe this court will reach the conclusion that this judgment will either have to be reversed or else modified because of the prejudicial remarks of the county attorney in his arguments to the jury.

"The statement of the county attorney made in the closing argument, 'Landon Shelton, why don't you deny one word of it,' was certainly an indirect comment on the failure of the defendant to testify in his own behalf."

It appears from the record that during the trial of the case defendant's counsel, referring to the defendant, asked defendant's witness Morris Fowler the following question:

"Q. Are you acquainted with his general reputation in that community for truth and veracity?

"The Court: I don't—

"A. Yes, sir.

"The Court: I don't think that would be competent, Mr. Brown, unless the defendant had taken the witness stand, however, if you are going to put him on I will let you proceed."

Section 2698, C. O. S. 1921, prohibits the trial judge or county attorney from mentioning the fact that the defendant has not taken the witness stand, and prohibits the county attorney from mentioning such fact or commenting on it in his arguments to the jury.

In Sturgis v. State, 2 Okla. Cr. 362, 102 Pac. 57, 58, this court said:

"Our statute is mandatory, and, when the defendant has failed to become a witness in his own behalf, this fact must not, directly or indirectly, be mentioned or in any manner referred to or called to the attention of the jury. If such an attempt is made by counsel for the defense, the court must at once intervene and reprimand the counsel making such an attempt, and see that it is not repeated. If such an attempt is made by the prosecuting attorney and a conviction follows, a new trial must be granted to the defendant."

In Dorsett v. State, 16 Okla. Cr. 65, 180 Pac. 557, this court said:

"The learned judge was not justified in stating to the jury that the reputation of the defendant could be assailed only by him first taking the witness stand. This was manifest error."

Further on in the body of the opinion this court said:

"In this case the court told the jury that the defendant could not offer evidence of his character except by going on the witness stand himself."

It was not necessary for the defendant to take the witness stand before he could offer proof of his good character. Gilbert v. State, 8 Okla. Cr. 544, 128 Pac.

1100, 129 Pac. 671; Carney v. State, 29 Okla. Cr. 83, 232 Pac. 451; Sinquefield v. State, 49 Okla. Cr. 300, 294 Pac. 203.

In the case at bar the court not only was mistaken as to the requirements that the defendant take the witness stand before he could offer such evidence, but in effect erroneously told counsel and the jury that the defendant must take the witness stand before he could offer or the jury could consider evidence of his good character.

While considering the erroneous remarks of the trial court, it might be well to call attention to another remark the judge made during the progress of the trial. Defendant's witness Connie Murphy had been testifying to the good reputation of the defendant. At the close of the examination, a juror asked the following question:

"Q. Would Mr. Murphy be allowed to state his personal ideas and dealings with this fellow?

"The Court: No, the law don't allow it. He may testify just as to his reputation, general reputation in the community in which he lives, back for a reasonable length of time. I sometimes don't think it is a good law but I do my best to follow the law as I see it."

This remark of the trial judge indicated his disagreement with the rules of law respecting the admission of evidence concerning reputation, and it tended to discredit the evidence of good reputation. It is the duty of the court to sustain the law, not to condemn it. It is improper for the court to express such opinions of the law to the jury in any case.

In the heat of trial and under provocation trial judges sometimes forget themselves and make remarks such as those made in this case, without any thought of preju-

dicing the rights of the defendant, but on account of the influence the judge exercises over jurors it is apparent that prejudice would arise from such remarks.

The next contention of the defendant is that the county attorney committed prejudicial error in commenting on the fact that the defendant had not taken the witness stand.

The entire closing argument of the county attorney is set out in the case-made. It is too lengthy to be copied into this opinion. It is sufficient to say that on several occasions counsel went out of the record and made prejudicial remarks to the jury, one of which, in referring to the instructions of the court in regard to the defendant, was as follows:

"Still you don't find here one single witness in his behalf. Where is Earl Williams? He knew where he was that Saturday night when he came out of that confectionery and got into that car and sat there for a minute or two. You knew where he was then. Where was he yesterday that he is not here, if he was not one of the fellows that was in Porter that night when they robbed Moody's store, robbed that store and robbed this night watchman. Why, sir, isn't your sainted mother here, who you visited at 7:30 that night? Why isn't she here on this witness stand? There are some people that you can't get to swear to an alibi. Some people won't do it. Landon Shelton, why don't you deny one word of it? They had no defense. He robbed that store and robbed that boy and hauled off the goods. That is what they are doing all over the state and country all the time, hauling it off in truckloads, so that it is almost breaking the taxpayers now to prosecute them for doing it."

Defendant objected to this line of argument and objection was sustained by the trial court. But counsel for the state had so directly commented on the fact that

the defendant had not taken the witness stand, and had so personally challenged him for not doing so, that this error could not be cured by the instructions of the court.

This court has repeatedly held that such misconduct on the part of the county attorney requires a reversal of the case. Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532; Childs v. State, 13 Okla. Cr. 461, 165 Pac. 622; Double-head v. State, 27 Okla. Cr. 375, 228 Pac. 170; Schrader v. State, 40 Okla. Cr. 261, 268 Pac. 325; Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515.

The Attorney General in his brief suggests that the case ought not to be reversed, but that the judgment ought to be modified by reducing the punishment to the minimum. To adopt this suggestion would be an injustice to the state, because the minimum punishment is not justified by the facts in the case. To affirm the case without modification would be to deprive the defendant of his statutory and constitutional rights.

For error of the trial court in mentioning the necessity for defendant to take the witness stand and adversely commenting upon the rule of law affecting evidence of good reputation, and for errors of the county attorney in arguing the case outside of the record and in commenting on the failure of the defendant to take the witness stand, the case is reversed and remanded, with directions to proceed with the trial in accordance with law.

EDWARDS, P. J., and DAVENPORT, J., concur.