## EARLE E. EVERIDGE v. STATE.

No. A-7585.   Opinion Filed Feb. 14, 1931.
Rehearing Denied March 6, 1931.
(3 Pac. [2d.] 750.)

Frank Leslie, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of forgery in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for 18 years.

The evidence of the state was that Nellie I. Baker, an Osage Indian, was the owner of certain valuable real estate in Osage county, adjoining the town of Skiatook, and that the defendant procured a woman purporting to be Nellie I. Baker to appear before James L. Morris, a notary public, and acknowledge a deed to which the signature of Nellie I. Baker had been forged, purporting to convey said premises to Lillian L. Evans; that Nellie I. Baker, who was then in the courtroom and seen by the witness,

was not the woman who acknowledged the deed; that defendant represented to the witness that the woman acknowledging the deed was Nellie I. Baker; that this deed was recorded, and that thereafter the said Lillian L. Evans, through the defendant, exchanged this property with Neely Casper and C. C. Casper for some property in the city of Tulsa, No. 733 North Quincy street; that this deed was made to the defendant; and that an additional consideration of $550, part in cash and part in notes, was given defendant.

The defendant did not take the witness stand, but called witnesses in an effort to prove that the signature on the deed was the genuine signature of Nellie I. Baker.

Defendant contends first that the court erred in overruling his application for a continuance on account of absence of counsel.

It appears from the record that Thomas I. Monroe and G. E. Croom had been representing the defendant as attorneys; that on the day before the case was called for trial Mr. Monroe withdrew as attorney, and the defendant thereupon employed Barnes McCain and John Rutherford as additional counsel.

On the next day, when the case was called for trial at 9 o'clock, the trial court adjourned the hearing until 1:30, to give counsel additional time to prepare their defense.

In Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923, this court said:

"An application for continuance on the ground of the absence of leading counsel is properly denied, where defendant is duly represented by his other counsel."

An examination of the record discloses that defendant was ably represented; his counsel having left nothing undone in his defense.

The granting of a continuance being in the discretion of the court and there being nothing in the record to indicate an abuse of such discretion, the court did not err in overruling the application.

Defendant next contends that the state failed to prove venue.

The state introduced the original deed in evidence, the jurat of which showed that it was made and acknowledged in Tulsa county. James L. Morris, notary public, who took the acknowledgment, testified that the defendant appeared in his office in Tulsa with a woman claiming to be Nellie I. Baker, and that the acknowledgment to the deed was taken there at that time.

This court has repeatedly held that venue does not have to be proved beyond a reasonable doubt, and that it may be proved by circumstantial evidence. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Cole v. State, 34 Okla. Cr. 366, 246 Pac. 653; McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026.

The evidence of the state was sufficient to establish the venue.

The defendant next contends that the court was guilty of prejudicial conduct.

It appears from the record that the state had rested and the defendant had been offering evidence in his defense; his counsel suggested to the court that it would be necessary to adjourn until the next morning on account of the fact that the defendant had no other witnesses pres-

ent to testify. Thereupon the following proceedings were had:

"The Court: The defendant is here.

"Mr. Rutherford: Note the comment of the judge upon the defendant's presence in court, intimating that he might testify."

Defendant now urges that this remark of the court falls within the inhibitions of section 2698, C. O. S. 1921, which reads as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this state, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel, it shall be ground for a new trial."

This section forbids the trial court from mentioning the fact that the defendant did not testify in his own behalf, and prohibits the county attorney from commenting on it.

This court, in Shelton v. State, 49 Okla. Cr. 430, 295 Pac. 240, said:

"Section 2698, C. O. S. 1921, contains two inhibitions. The first is that the failure of the defendant to take the stand on his own behalf shall not be mentioned on the trial; the second is that this fact shall not be commented on by the counsel for the state. The trial judge is not excepted from the first inhibition, and it is error for him to refer to such fact in his instructions or otherwise. Counsel for the state comes within both inhibitions, and it is error for him to mention the fact that the defendant has not taken the witness stand, or to comment upon the same in his arguments to the jury."

This court has been liberal in its interpretation of section 2698, supra, to protect defendants, but it has never held that an occurrence of this kind, while improper, was sufficient to require a reversal of the case.

Considering the whole record and the undoubted guilt of the defendant as shown by the evidence, the defendant was not prejudiced by such remark.

The defendant complains of other errors, but they are all without substantial merit.

The jury were unable to agree upon the punishment and left the fixing of the same to the court. Due administration of justice demands that the punishment inflicted shall be commensurate with the crime and shall be administered for the purpose of protecting the public by preventing crime. It is the duty of this court where the punishment assessed appears to be excessive to reduce the same. Under all of the facts in this case, imprisonment in the state penitentiary for 10 years will be sufficient punishment.

For the reasons stated, the punishment of the defendant is reduced from 18 years in the penitentiary to 10 years in the penitentiary, and, as modified, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.