## PATMAN v. STATE.

No. A-11663. July 30, 1952.

(247 P. 2d 308.)

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, J. Mrs. M. C. Patman was charged in the Court of Common Pleas of Tulsa County with the crime of unlawful possession of intoxicating liquor, was tried before a jury, convicted and punishment assessed at thirty days in jail and a fine of $100. Appeal has been perfected to this court.

The single issue presented by defendant is "That the court erred in his oral instructions to the jury in commenting in his instructions upon the failure of the defendant to take the witness stand in the case."

The record discloses the following:

"And thereafter, following the giving of the instructions, the argument of the case is presented to the jury by attorneys for the State and defendant.

"By the Court: Now, Gentlemen of the Jury, during the argument in this case, the Assistant County Attorney, Mr. Shults, has referred to the fact that the evidence as to the possession and to the intent to sell was uncontradicted, the uncontradicted testimony of the officers. That the testimony of the officers on that line was uncontradicted, to which an objection was made by the defendant. And in line with that I want to admonish you at this time, that it is not necessary for the defendant in a criminal case to introduce evidence, any evidence whatsoever, and the fact that the defendant does not introduce testimony or evidence is not to be taken as any evidence of the guilt of the defendant. In other words, you must rely on the State making out a case against the defendant. It is not necessary or incumbent upon the defendant to take the stand and to introduce any evidence, but the defendant may rely upon the presumption of innocence until it is proven by the state beyond a reasonable doubt the defendant is guilty, and the State must overcome the presumption of innocence of the defendant by competent evidence beyond a reasonable doubt.

Mr. Henneberry: To which the defendant excepts."

Counsel in his motion for new trial assigned as error the giving of the oral instruction in question.

Counsel claims that the instruction given violates the provisions of Tit. 22 O. S. 1951 § 701, which was in force at the time of the trial of this case as Tit. 22 O. S. 1941 § 701, and reading:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for a new trial."

The Attorney General argues that it is not every error or irregularity which requires the reversal of a case, but only that error which prejudices defendant's rights to the extent that a "miscarriage of justice" is caused, citing 22 O. S. 1951 § 1068. He further argues that "Section 701, supra, does not mean that, in any event, a reversal must follow the giving of an instruction such as the one in the instant case. In view of the holding of this court in Russell v. State, 17 Okla. Cr. 164, 194 P. 242, 246, the inquiry must be whether or not the instruction caused a miscarriage of justice."

In the case of McLaughlin v. State, 14 Okla. Cr. 192, 169 P. 657, in an opinion of this court by Armstrong, J., concurred in by Doyle, P. J., with Matson, J., dissenting, this court quoted with approval from Holmes v. State, 13 Okla. Cr. 113, 162 P. 446, as follows:

" 'Section 5881, R. L. 1910 [Tit. 22 O. S. 1951 § 701] contains two inhibitions. The first is that the failure of the defendant to take the stand in his own behalf shall "not be mentioned on the trial"; the second, that this fact shall not be commented on by the counsel for the state. Held: First, that if counsel comments on the failure of the defendant to take the stand in his own behalf, it is mandatory that a new trial be granted; and second, that the court is not excepted from the inhibition to the effect that the failure of the defendant to take the stand in his own behalf shall "not be mentioned on the trial," and that it is error for the court to refer to such fact in his instructions or otherwise."

Cited in the opinion is statement from Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, 792, by Judge Furman concerning comment by the county attorney calling attention to the fact that the defendant had not testified in the case, where it is said:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or spirit."

The Attorney General contends that the McLaughlin case was modified, and that under Tit. 22 O. S. 1951 § 1068, the instruction given not being fundamentally erroneous, the Russell case should be followed and the within case be affirmed.

There are statements in the Russell case in the body of the opinion that lend credence to the position of the Attorney General herein, where Judge Matson sought to differentiate and distinguish between comments that the county attorney might make and similar comments by the judge or instructions. that the judge might give on the subject. But it should be pointed out that in the Russell case the instruction of the court complained of as being violative

of the statute, Tit. 22 O. S. 1951 § 701, was not excepted to until after the verdict of the jury, whereas in the McLaughlin case an exception to the written instruction was interposed before it was read to the jury. Here, the instruction was oral and excepted to immediately after it was given. But regardless of the reasoning of Judge Matson in the body of the opinion, it is clear as to the extent of the intended modification of the McLaughlin opinion, where Judge Matson said:

"And the holding here is that, where no objection or exception is properly taken, the giving of such an instruction is not fundamental error, and to such an extent the holding in the case of McLaughlin v. State is modified to conform to the holding herein."

To have gone further and held that the giving of such instruction was not error even where excepted to would have constituted dicta.

Where error is fundamental, that is, error appearing on the face of the record which goes to the foundation of the case, or which takes from a defendant a right essential to his defense, this court, where it appears and justice requires, will consider it whether or not exceptions are taken in the court below or whether or not it be assigned as error on appeal. See Jones v. State, 77 Okla. Cr. 285, 141 P. 2d 109; Rea v. State, 3 Okla. Cr. 281, 105 P. 386, 106 P. .982; Tyler v. State, 74 Okla. Cr. 39, 122 P. 2d 826.

The only thing that makes the remarks in question, if made by a county attorney, error, is the statute. And this court, in proper cases where the question was at issue, having by sound reasoning held that this statute did extend to the trial judge as to remarks and instructions, we do not see fit to overrule the same, in spite of the reasoning of Judge Matson in the body of the opinion in Russell v. State, supra.

The remarks attributed to the county attorney that the evidence of the officers testifying for the state remained uncontradicted as to possession and intent to sell, while right on the border line of constituting reversible error, this court in a long line of cases has said that the statute, Tit. 22 O. S. 1951 § 701 (prohibiting comment on failure of defendant to testify), is comprehensive in the extreme and this court will not enlarge nor extend its provisions so as to prevent a fair discussion of the evidence, even though the defendant did not testify and called no witnesses in his behalf. Also, that this statute will not be deemed to go to the extent of prohibiting comment upon inferences reasonably to be drawn from a failure to controvert the state's evidence by proper proof other than that which might be given by the defendant personally. See Bush v. State, 91 Okla. Cr. 30, 215 P. 2d 577; Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439; Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834, 836; Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191, 196; McDonald v. State, 59 Okla. Cr. 318, 58 P. 2d 345; Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646; Starr v. State, 63 Okla. Cr. 302, 74 P. 2d 1174; Sellers v. State, 88 Okla. Cr. 114, 200 P. 2d 443, 444.

The defendant might have contradicted the charge she was being tried on by testimony of other persons. It requires no great effort to imagine circumstances that would, if true, constitute a defense, if there were witnesses to establish the same, and without the testimony of the defendant.

The trial court, while attempting to remedy what he considered error on the part of the county attorney, violated the rule announced in McLaughlin v. State, supra, and in Holmes v. State, supra, and Mason v. State, 53 Okla. Cr. 76, 7 P. 2d 492. If the prosecuting attorney had violated the provisions of the statute forbidding comment on failure to testify, then that would constitute

reversible error, and by reason of the statute no instruction by the court could correct or remedy such error. The only exception to this rule that we are advised of is as stated by Furman, P. J., in Sturgis v. State, 2 Okla. Cr. 362, 402, 102 P. 57, 72, where it is said:

"If the jury inquire of the court as to the effect of the failure of the defendant to testify in his own behalf, the court should instruct them that no inference of guilt can arise from such failure, and that it cannot be lawfully considered or discussed by them or in any manner influence their action in arriving at a verdict."

While from the evidence in the case we cannot see how this appeal in the end will have benefited the defendant, we are bound by the statute in question, Tit. 22 O. S. 1951 § 701, and its past interpretation by this court from the beginning. And for such reason, proper exception to the instruction complained of having been interposed and then urged on motion for new trial, and although the instruction may not be said to be fundamentally erroneous, the case is reversed and a new trial is directed.

BRETT, P. J., and JONES, J., concur.