Chester L. FRIDAY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12767.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1960.

Thomas Dee Frasier, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Chester L. Friday, plaintiff in error, defendant below. The defendant was charged by information in the Court of Common Pleas of Tulsa County, Oklahoma, with the offense of unlawful sale of intoxicating liquor, allegedly committed on or about January 19, 1959, in Tulsa County, Oklahoma. On said date he is alleged to have sold for a valuable consideration a highball to the assistant county attorney of Tulsa County, Robert G. Brown, the highball containing more than 3.2% alcohol measured by weight, all in violation of the prohibitory laws then in force. He was tried by a jury, convicted, and his punishment fixed at thirty days in jail and a fine of $50. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The uncontradicted evidence of the state established the sale and the unlawful alcoholic content of the highball purchased from defendant Friday at the Sheridan Club on the occasion complained of for fifty cents a drink. The defendant offered no evidence in his own behalf.

The defendant complains of his limitation of cross-examination of the state's witnesses which resulted in his inability to contradict and test the memory of the assistant county attorney who made the purchase. The witness testified positively and without equivocation concerning the sale, and we do not believe any amount of cross-examination, however extensive, would have provoked deviation in that material issue. In any event, this was a matter clearly within the trial court's sound discretion. Murphy v. State, 72 Okl.Cr. 1, 112 P.2d 438. We find no abuse of discretion in this regard.

When the highballs were purchased by the assistant county attorney, they were in paper containers. Later, the contents were transferred into empty washed whiskey bottles. Two such bottles were offered in evidence. The testimony of the state's chemist disclosed one bottle contained an unlawful quantity of alcohol, but the other bottle did not. This bottle was withdrawn from evidence. The defendant complains of prejudice because of the introduction of the testimony in relation to the bottle withdrawn. We do not find substance in the complaint since the chemist's testimony was favorable to the defendant and the withdrawal of the bottle removed any taint thereof. If such was error, certainly it was error under conditions not resulting in prejudice. Anglin v. State, 92 Okl.Cr. 430, 224 P.2d 272.

The defendant also complains of pleas of guilty being taken and sentences being assessed in other cases similar to the present one in the presence of the jury. In Townley v. State, Okl.Cr.1959, —— P.2d ——, we stated:

"It is well, however, to advise the trial courts that the practices of interrupting trials for the purpose of accepting pleas from other defendants should be abandoned. It should never be done in the presence of a jury engaged in the trial of a criminal case. A defendant is entitled to his day in court free from outside influence or impressions—psychological or otherwise, that may tend to distract from the case at hand. Accepting guilty pleas and rendering sentences thereon before a jury selected to try another law suit, may tend to fix in their minds degrees of punishment by the power of suggestion. It may create sympathy for those without attorneys to the detriment of a defendant represented by able counsel. It may destroy the presumption of innocence to which the defendant is entitled and portray a court room as a place for those accused of crime to receive sentence, instead of a temple of justice to determine guilt or innocence by a fair and impartial trial before a just and unbiased jury. If a court docket is so congested that pleas must be received and sentences awarded during the progress of a trial, a recess should be taken and the jury removed from the court room during such proceedings so that sending a defendant to prison will never appear mill run routine or customary to a trier of the liberties of man."

In the instant case, we cannot presume prejudice, since the evidence of defendant's guilt stands uncontradicted, requiring us to determine only the issue of whether the evidence was sufficient to support the jury's verdict. The jury imposed the minimum sentence, hence, the record is totally lacking in showing of prejudice. Where prejudice appears from the record, as the result thereof modification or reversal may be expected.

Finally, the defendant complains that at the close of all the state's evidence, the court turned to his counsel and stated: "Do you wish to place your defendant on trial?" He contends this was tantamount

to asking the defendant if he wanted to take the stand. He urges this was a comment on his failure to do so and in violation of the positive prohibitions so to do in 22 O.S.1951 § 701, citing Sturgis v. State, 2 Okl.Cr. 362, 102 P. 57. In this connection, 22 O.S.1951 § 701 provides that a defendant's failure to testify shall not create any presumption against him nor be mentioned at the trial. It further provides that if such failure to testify is commented on by counsel, it shall be ground for new trial. Sturgis v. State, supra, announces that this section is mandatory and when violated in letter or in spirit a new trial must be granted, or upon appeal reversal will follow. This prohibition has also been held to extend to remarks of the trial judge. Patman v. State, 95 Okl.Cr. 415, 247 P.2d 308; Shelton v. State, 49 Okl.Cr. 430, 295 P. 240; McLaughlin v. State, 14 Okl.Cr. 192, 169 P. 657. The record discloses the following proceedings immediately after the testimony of the final witness for the prosecution:

"The Court: Now then, are we ready for the instructions, or have both sides rested?

"Mr. Flanagan: (Asst. Cty. Atty.) No, sir.

"Mr. Frasier: (Counsel for Def.) I haven't even put on any evidence.

"Mr. Flanagan: The State will rest.

"The Court: The defense may proceed.

"Mr. Frasier: Comes now the Defendant and demurs to the evidence on the ground that it is totally insufficient to sustain the information now before the court for the reason that there is the uncorroborated testimony of a group of County Attorneys acting as Police Officers in a raid and went out here with the announced intention in mind of buying whiskey.

"Mr. Flanagan: Now, your Honor, we are going to object to argument on the part of the Defendant—

"Mr. Frasier: I will grant him a mistrial.

"Mr. Flanagan: —at least in the presence of the jury. If you want to argue this, we ask the jury be excused.

"The Court: Yes, the argument will be produced later.

"Mr. Frasier: Comes now the Defendant and moves for a mistrial on the grounds of incompetent, irrelevant and immaterial evidence and testimony being produced in the presence of the jury, remarks of both the counsel for the State and of the court, tending to prejudice this Defendant, and keeping him from having a fair and impartial trial.

"The Court: Overruled. Do you wish to place your defendant on trial?

"Mr. Frasier: To which remark this counsel for the Defendant objects and moves at this time for a mistrial."

We cannot reasonably conclude that the above remarks of the trial judge constitute a comment on the defendant's failure to testify. Counsel for the defendant had interposed a demurrer to the evidence and a motion for mistrial. We feel the only logical inference to be given to the remarks of the Judge is that he wished to know if the defendant intended to offer any evidence in his own behalf, or stand on his demurrer. In Everidge v. State, 50 Okl.Cr. 144, 3 P.2d 750, 751, in response to a defense motion for continuance for the reason he had no other witnesses present to testify, the court said: "The defendant is here." In its opinion, the Court said thereon:

"This court has been liberal in its interpretation of section 2698, supra, (22 O.S.1951 § 701) to protect defendants, but it has never held that an occurrence of this kind, while improper, was sufficient to require a reversal of the case."

Under such authority, and since defendant's guilt is clearly apparent, we find no impropriety in the trial judge's question.

No reversible error manifesting itself, the judgment and sentence is affirmed.

POWELL, P. J., concurs.

NIX, Judge (dissenting).

I respectfully disagree with my associates as to defendant's final contention of error. The reluctancy to concur does not arise from any illusion that defendant was prejudiced by the Court's ruling. The evidence is conclusive as to defendant's guilt; the minimum sentence was imposed, thus prejudice was not reflected by the record. However, in the opinion of this writer, the matter complained of was in direct conflict with Title 22 O.S.1951 § 701, which reads as follows:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be *mentioned on the trial*; if commented upon by counsel it shall be ground for a new trial." (Emphasis ours.)

In the instant case, after the State had rested, the trial judge directed the following question to defense counsel in the presence of the jury:

"Do you wish to place your defendant on the stand?" Defense counsel objected and moved for a mistrial as a result of these remarks. The motion was overruled. The defendant did not testify.

Though this type remark is not a direct comment upon defendant not testifying in his own behalf, it certainly alerts the jury to ponder as to why he doesn't. In my opinion the remark was improper and trial judges should refrain from any remarks which might encroach upon the inhibition provided in the statute above mentioned. The statute is clear, unequivocal, direct, and certain. With little effort it could be easily followed. It should be strictly adhered to and no exception made. I hesitate to agree with a decision which permits the gradual chipping away of a statute designed to protect the constitutional rights of an individual. An exception made to circumscribe a statute results in confusion of the law. One exception paves the way for another until eventually the exceptions overshadow the rule. Some thirty years ago, in the case of Everidge v. State, 50 Okl.Cr. 144, 3 P.2d 750, the court made a similar exception to the law announced in Title 22 O.S.1951 § 701. I hesitate to approve another, thereby establishing precedent for the third and continued disembowelment of this statute.