Robert L. BRANNIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13215.

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1962.

Carl W. Longmire, Pryor, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Robert L. Brannin, plaintiff in error, hereinafter referred to as defendant, was charged, tried and convicted in the County Court of Mayes County with the offense of Operating an Open Saloon in violation of

Art. 27, Okl.Constitution, Sec. 4, the pertinent part thereof being, "The words 'open saloon' shall mean: Any place, public or private, wherein alcoholic beverage is sold or offered for sale, by the drink; or, sold, offered for sale, or kept for sale, for consumption on the premises". From the judgment and sentence of conviction, a timely appeal was perfected to this court.

According to the evidence adduced at the trial, around nine o'clock on the evening of November 24, Deputy Sheriff Fred Grimes, Mayes County, Earl Guyeau of the Pryor Police Department and two representatives of the ABC Board went to the Green Door Tavern located at Langley, Mayes County, Oklahoma. There Sheriff Grimes served a search warrant upon defendant's wife, defendant being absent at the time of the officer's arrival.

Upon searching the premises, officers found "9-piece Bottles ⅕ assorted liquors and gin". While the search was in progress, defendant entered the tavern and he, his wife, and the bar maid were arrested.

State's witness Earl Guyeau testified that he had not purchased any intoxicating liquor nor did he see anyone drinking on the premises and further, that no full bottles of liquor were found. And over the objection of defendant, witness Eskrine Brooks testified that some eight months prior he had purchased mixed drinks at the establishment from a bar maid, and that a charge was filed against defendant who entered a plea of guilty.

Over the objection of defendant, the search warrant describing the premises and the defendant as the owner and operator thereof was admitted into evidence.

Defendant's wife testified that she owned and operated the Green Door, and over the sustained objection of the State, that the establishment was a private club to which entry could be gained by a card key device. She further testified that she told officers during the search that the warrant was not made out to her and that the piece bottles confiscated by the officers were not owned by defendant. On the night in question, after securing permission from the officers, she had called the defendant at the service station which he owned and operated in Langley, telling him of the search and after said call, defendant came to the Tavern.

The defendant sought to prove the ownership of some of the bottles in question, but the offer was denied by the court when an objection by the state was interposed.

It is seldom that so many meritorious assignments of error are presented to this Court in one case, and we will discuss only those which standing alone substantially affected the defendant's rights.

■ The first reversible error was committed by the trial court, when, over the objection of counsel for defendant, the state was allowed to introduce the search warrant into evidence. It has been repeatedly held by this Court that it is reversible error to introduce search warrant and affidavit for same over the objection of defendant. This is particularly true under the facts of the instant case. Here the evidence discloses, the accused was not on the premises at the time of the search and seizure of intoxicating beverages.

■ It is necessary in order to establish a prima facie case that the defendant be connected with the operation of the premises in question by competent evidence reasonably tending to establish that fact. This being true we are of the opinion that the rule set forth in Wallace v. State, 89 Okl. Cr. 365, 208 P.2d 190, and supported by the authorities therein cited, is applicable here.

In Wallace v. State, supra, this Court said in Syllabus 4:

"In prosecution for unlawful possession of intoxicating liquor, admitting in evidence over defendant's objection search warrant and affidavit on which it was issued was reversible error."

The next reversible error committed by the Court was committed when over the objection of the defendant and as a part of the state's case in chief, the following ques-

tions were propounded and answers received (CM 16–19):

"Q. Had you ever been in that place of business any time during the year 1961?

"A. I have.

"Q. When was that date?

"A. It was the evening of March 9, 1961.

"Q. And did you go to the Green Door?

"Objection by counsel for defendant. Overruled. Exception.

\*   \*   \*   \*   \*   \*

"Q. How many drinks were you served that night \* \* \*?

"A. Each of us bought a drink. I believe that if I am not in error I paid for the drinks—three for a dollar and a half.

"Q. You paid for the drinks?

"A. Yes sir.

"(Objection. Overruled, Exception. Allowed.)

\*   \*   \*   \*   \*   \*

"Q. And was Mr. Brannin present that night?

"A. Yes sir.

"Q. Do you know Mr. Bob Brannin?

"A. Yes sir.

"Q. Do you see him here?

"A. Seated across the table from you.

"Q. Who was waiting on the bar that night?

"A. A bar maid, her given name was Faye, I don't recall her last name.

"Q. Do you know after you bought the drinks what happened then?

"A. We arrested the bar maid and Mr. Brannin.

"Q. Where did you take them after you place them under arrest?

"A. Mayes County Jail.

"Q. Were any charges filed on that occasion?

"A. Yes. \* \* \*

■ This court has uniformly held that evidence of a separate and distinct offense is not admissable unless it shows:

"\* \* \* (1) Motive, (2) Intent, (3) Absence of mistake or accident, (4) Identity of the person charged with the commission of the crime for which an accused is put on trial, and (5) Common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other." Cody v. State, Okl.Cr., 361 P.2d 307, Syl. 15. See also, Roulston v. State, Okl.Cr., 307 P.2d 861, and cases cited therein.

■ The Crime to which the accused had entered a plea of guilty was the unlawful sale of intoxicating liquor. Said offense having occurred eight (8) months prior to the circumstances giving rise to the charge in the instant case, and we are of the opinion that the same was too remote in time to have any probative value in the instant case, and that it was highly prejudicial to the accused.

■ The trial court erred in giving the instruction appearing on Page 183 of the Case-made, which reads:

"You are instructed that in this prosecution, the defendant has seen proper not to take the stand and testify in his own behalf. The law permits a defendant who is charged with the commission of a crime to testify in his own behalf, yet he is under no obligation to do so, and his failure to testify as a witness in his own behalf shall not create any presumption of guilt against him."

Title 22, § 701, O.S.A. provides:

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request,

but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial; if commented upon by counsel it shall be ground for new trial. R.L. 1910 § 5881."

While under the authority of Russell v. State, 17 Okl.Cr. 164, 194 P. 242, this court has held that the instruction above referred to may constitute reversible error if proper objection is interposed thereto and exception to the rule of the court made thereon and set forth in defendant's motion for new trial as grounds for granting the same, the court went on to say that the error was not of such fundamental character as to require reversal in the absence of objections. The defendant in the instant case failed to preserve the record, and the court was within the rules set forth in Russell v. State, supra, but, we nevertheless condemn the giving of such instruction and deem it our duty to call it to the attention of the trial courts in order that they may avoid walking the chalk line of error. For cases construing Title 22, § 701, O.S.A. see: McLaughlin v. State, 14 Okl.Cr. 192, 169 P. 657; Russell v. State, supra; Luce v. State, 36 Okl.Cr. 49, 252 P. 452 and Patman v. State, 95 Okl.Cr. 415, 247 P.2d 308.

■ It is also contended by the defendant that the court erred when during various stages of the trial the court extensively questioned witnesses. In view of the errors already discussed, we deem it unnecessary to consider this question at length. Our courts have uniformly held that:

"We know of no rule or reason why a court should not ask a proper and pertinent question, for the purpose of eliciting competent and material testimony. But we also know of no rules that would permit the court to assume the role of prosecutor. And when the court takes the place of the county attorney, and examines and cross-examines witnesses, no matter what his motives may be, or what explanation or excuse he may offer for this course, his conduct can have but one effect upon the jury, and that is to impress them that the judge is convinced of the defendant's guilt. In the minds of the jurors, it places the judge in a hostile attitude towards the defendant, and discredits any defense that he might offer. No judge has the right to indicate to the jury, by word or action, his opinion of the merits of any case being tried before him, or to in any way indicate his opinion as to the credibility of any witness examined. Absolute fairness should characterize every word and action of a judge. Harrison v. State, 11 Okl.Cr. 14, 141 P. 236, and cases therein cited." Smith et al. v. State ex rel. Gallaher, Co. Atty., 12 Okl.Cr. 513, 159 P. 941.

For a detailed discussion of this matter, see the following cases, Harrison v. State, supra; Hill v. State, 76 Okl.Cr. 371, 137 P.2d 261.

■ In conclusion, we observe that since this prosecution was instituted under Art. 27, section 4 of the Oklahoma Constitution, the punishment for which is delineated in Title 37, § 538, it is necessary before the state can make a prima facie case, they must prove: (1) that the accused is the owner or operator of any place where intoxicating liquor is (2) sold or offered for sale by the drink and (3) kept for sale for consumption on the premises.

Eliminating the evidence of the prior conviction and the introduction of the search warrant, it is doubtful that there is sufficient evidence to (1) connect the defendant with the operation of the premises in question and (2) establish that the intoxicating liquor seized was kept with the unlawful intent to be "sold or offered for sale by the drink; or, sold, offered for sale, or kept for sale for consumption on the premises",*

---

* For an *authoritative* discussion of these constitutional elements see Harrell v. State, Okl.Cr., 359 P.2d 610.

and unless these two necessary elements can be established by additional competent evidence this case should be dismissed.

We are also of the opinion that in the event such evidence can be adduced by the state on a new trial of this cause, it will be the duty of the trial court to admit any competent evidence on behalf of the defendant which may reasonably tend to establish that the intoxicating liquor so seized was the property of other persons and was not being kept for "sale by the drink or offered for sale for consumption on the premises".

This case is reversed and remanded for further proceedings in conformity with this opinion.

NIX, P. J., and BRETT, J., concur.