**Vernon D. VILLINES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16722.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Hubert Hargrave, Wewoka, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Vernon D. Villines, hereinafter referred to as defendant, was charged in the District Court of Seminole County, Oklahoma with the crime of Murder. He was convicted for the offense of Manslaughter in the Second Degree, and his punishment was fixed at two (2) years imprisonment; from said judgment and sentence, a timely appeal has been perfected to this Court.

This cause must be reversed for the reason that the trial court, over the objection of the defendant, gave the following instruction:

"INSTRUCTION NUMBER THIRTY

"Under the law of this State, the defendant has the right to take the stand to testify in his own behalf and such testimony goes before you same as the testimony of any other witness in the case, to be weighed and considered according to the same rule; but the fact that he does not testify cannot be considered by you to his prejudice and does not create any

presumption of guilt as against him, and should not have influence upon you arriving at your verdict.

"It is your duty, under the law, not to comment on, refer to, or in any manner consider this fact in arriving at any verdict you may return in this cause as against the defendant."

In Brannin v. State, Okl.Cr., 375 P.2d 276, the trial court stated the following instruction:

" 'You are instructed that in this prosecution, the defendant has seen proper not to take the stand and testify in his own behalf. The law permits a defendant who is charged with the commission of a crime to testify in his own behalf, yet he is under no obligation to do so, and his failure to testify as a witness in his own behalf shall not create any presumption of guilt against him.' "

In discussing this instruction, we stated:

"While under the authority of Russell v. State, 17 Okl.Cr. 164, 194 P. 242, this court has held that the instruction above referred to may constitute reversible error if proper objection is interposed thereto and exception to the rule of the court made thereon and set forth in defendant's motion for new trial as grounds for granting the same, the court went on to say that the error was not of such fundamental character as to require reversal in the absence of objections. The defendant in the instant case failed to preserve the record, and the court was within the rules set forth in Russell v. State, supra, but, we nevertheless condemn the giving of such instruction and deem it our duty to call it to the attention of the trial courts in order that they may avoid walking the chalk line of error. For cases construing Title 22, § 701, O.S.A. see: McLaughlin v. State, 14 Okl.Cr. 192, 169 P. 657; Russell v. State, supra; Luce v. State, 36 Okl.Cr. 49, 252 P. 452 and Patman v. State, 95 Okl.Cr. 415, 247 P.2d 308."

In the instant case, the defendant objected to the instruction, and an exception was al-

lowed. The judgment and sentence is, accordingly, reversed and remanded.

Reversed and remanded.

BRETT, J., concurs.