Terry Lee MOSER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–17163.

Court of Criminal Appeals of Oklahoma.

April 13, 1973.

John M. Luttrell, Norman, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Terry Lee Moser, hereinafter referred to as defendant, was convicted, without a jury, in the District Court of Cleveland County, Case No. CRM–71–230, of Omitting to Provide for Minor Children, and sentenced to thirty days imprisonment in the county jail. Judgment and sentence was imposed on September 20, 1971, and this appeal perfected therefrom. Affirmed.

It was charged by information that on or about January 1, 1971, the defendant omitted to furnish the necessary food, shelter, and medical attention for his two minor children, without lawful excuse, defendant being liable for their support under the law. After a showing of indigency, the defendant was represented at the trial and on appeal by court appointed counsel.

On appeal defendant urges two assignments of error; first, the admission into the court file of a prejudicial letter; and secondly, the insufficiency of the evidence to sustain a conviction.

The prosecution against the defendant was instigated with the filing of a complaint by defendant's former wife and mother of the two children in question. A letter from an attorney representing the complaining witness, to the district attorney, complaining of the lack of diligence in the prosecution, was filed and made a part of the court record. As the trial began, the defense counsel objected to the presence of the letter in the file since it contained statements not under oath. The trial judge agreed with the defendant that the letter was highly improper, immaterial, and should not be considered. The court then admitted that he had seen the letter and then asked counsel for both sides if they desired to have the cause transferred to another judge. The defense counsel made no such request and stated "the damaging material is in the file. I don't see if it would make any difference what judge hears the case, the file is open." The trial judge then overruled defense's motion to dismiss the prosecution, and directed the letter to be stricken from consideration.

In substance, the letter in question complains that the district attorney was not prosecuting with full diligence. Although the letter and its contents are immaterial and incompetent evidence, we do not find that the presence of the letter in the record of the trial court was of such a highly prejudicial nature to the defendant, that it denied him a fair trial. It is a familiar rule of this court that on appeal the burden of establishing prejudice from the admission of incompetent evidence is upon the defendant. Friday v. State, Okl.Cr., 348 P.2d 1083 (1960). Although the matter was heard before the trial judge, sitting without a jury, and the trial judge admitted having read the letter, it is to be remembered that the letter was not admitted into evidence during the trial. These fac-

tors taken into consideration, we find that the defendant has failed to meet his burden to show prejudice from the presence of the letter in the trial court record. Certainly the presence of this letter in the record did not require dismissal of the prosecution or reversal of conviction.

 In arguing that the evidence is insufficient to support the conviction, defendant contends that the evidence does not show he wilfully and without excuse omitted to support his minor children. The evidence establishes that the defendant had made support payments for the children pursuant to a divorce decree, prior to December 1970. Further, the evidence established that after June 1, 1971, when the defendant failed to make his support payment, that defendant was hospitalized for several weeks. However, it was shown that the defendant was employed subsequent to his release from the hospital, and that he received compensation for such employment. Under such facts it is not unreasonable to conclude that the defendant might have contributed therefrom for the children. In any event, the conflict in the evidence raised a question of fact to be decided by the trier of fact, in this case, the trial judge. This question of fact was resolved against the defendant. In the appeal of a conviction for omitting to provide for a minor child, this Court has held that "Where a jury is waived and a case is tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record, together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's findings." Wilkerson v. State, Okl.Cr., 364 P.2d 709, 710 (1961). We are satisfied that in the instant case there was competent evidence before the trial court to support a finding of guilt.

As to the punishment, thirty days in the county jail is within the authorized statutory punishment. Although it might well be argued that by incarcerating the defendant, who was judicially determined to be indigent, he will be without gainful employment and thereby unable to provide support for his children, the punishment assessed is within the range provided by statute. A suspended sentence under the provisions of 22 O.S.1971, § 994, might well be in the best interest of the children. However, such a matter is within the sole discretion of the trial court.

Finding defendant's assignments of error to be without merit, we conclude that the judgment and sentence should be and the same is hereby, affirmed.

BLISS, P. J., and BUSSEY, J., concur.