Richard Alan THORNTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–590.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1983.

Ezellmo Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., James B. Franks, Asst. Atty. Gen., Deputy Chief, Civ. Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Richard Alan Thornton, was convicted by a jury in Oklahoma County District Court, Case No. CRF–81–5746 of Robbery with Firearms, After Former Conviction of Two or More Felonies, was sen-

tenced to thirty-five (35) years' imprisonment, and he appeals.

The appellant was charged with robbing a Champlin Service Station at 6825 SE 29th in Midwest City, on December 17, 1981. An in camera hearing was conducted by the trial court prior to the trial for the purpose of determining whether the victim's identification of the appellant should have been suppressed due to an impermissibly suggestive photographic lineup. Detective Charles Duncan of the Midwest City Police Department testified during the hearing that he conducted a lineup consisting of five photographs which he showed to the victim after she described her assailant as having something different about the nose and mouth portion of his face. The victim, Ms. Jean Birk, positively identified the appellant as the man who robbed her at gunpoint. The record before us reveals that the victim's in-court identifications of the appellant were positive throughout both the preliminary hearing and at trial.

In his initial assertion of error, the appellant alleges that his in-court identification by the victim was so tainted by an impermissibly suggestive lineup as to violate due process of law. Testimony shows that the lineup contained a photograph of the appellant which was the only photograph of a person with a facial deformity (harelip). Detective Duncan further testified that he suggested to the victim the possibility that the appellant's photograph was in the lineup shown to her.[1] We find this assignment of error to have no basis for relief.

The central question to determine whether due process has been violated is whether the identification was reliable notwithstanding a confrontation procedure tainted by a suggestive lineup. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). See also, *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and cases cited therein. In *Manson,* the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was reliable under the totality of the circumstances. The factors include: 1) the opportunity of the witness to view the criminal during the alleged criminal act; 2) the witness's degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the witness' level of certainty demonstrated at the confrontation; and, 5) the length of time between the crime and the confrontation.

Applying the factors set forth above to the case at bar, we find the following: 1) the victim had approximately fifteen minutes to view the appellant under favorable lighting conditions; 2) the victim made a special effort to observe the appellant's features in anticipation of later identification procedures; 3) the victim's description of the appellant following the criminal act was fairly accurate of his age, physical build, and facial features; 4) the victim made a definite and immediate identification of the appellant when shown a photograph of him; and, 5) the photographic identification was made within two hours after the criminal act. Even though the appellant's in-court identification may have been tainted by a suggestive lineup, we are of the opinion that under the totality of the circumstances set forth above, and it appearing to this Court that the identification was based upon the witness' observation at the crime scene, we find that the Court's admission of the in-court identification was proper.

The appellant in his second assignment of error contends that the trial court erred by allowing a witness, Don Blackmon, to rebut the testimony given by the appellant's mother that the appellant lived with her during the entire month of November,

---

1. Q. Detective Duncan, when you gave the photographs to the victim to look at, did you say anything to her regarding those photographs?
A. No. Only to look for the suspect.
Q. Okay. How did you hand them to her?
A. In a stack.
Q. Okay.
A. Five photographs.
Q. Did you suggest to her that possibly the person that committed the robbery was in that stack of photographs?
A. Yes. (Tr. 5)

1981, and never had a beard during the months of November and December, 1981. After careful review of the record, we are of the opinion that the appellant's contention is without merit. Rebuttal testimony that the appellant did not reside in Oklahoma City through November 18, 1981, and he did in fact have a full beard on that date was properly introduced to impeach the credibility of the defense witness. This Court has held that:

> Rebuttal testimony is permitted when it is offered to explain, repel, counteract, disprove, or destroy facts given in evidence by an adverse party, as well as to clarify a disputed point, notwithstanding that the same testimony might have been introduced in chief.... *White v. State,* 607 P.2d 713, 715 (Okl.Cr.1980).

As the victim testified that her assailant had a full beard, testimony from the rebuttal witness that the appellant had a full beard as little as one month before the crime goes directly to the credibility of the defense witness.

Furthermore, this Court has held that on appeal, the burden of establishing prejudice from the admission of allegedly incompetent evidence is on the appellant. *Mosser v. State,* 509 P.2d 184 (Okl.Cr.1973). In the case at bar, the appellant has not met his burden.

In his third assignment of error, the appellant complains that the prosecutor commented on facts not in evidence on at least three different occasions during his closing argument. Each proposition within this assignment of error has been reviewed on an individual basis.[2] We find there to be no error within each proposition. This Court has held that when determining whether a prosecutor's closing remarks were outside the record and so prejudicial as to warrant a reversal, the error is to be considered in light of the evidence and whether the remarks can be said to have influenced the verdict against the appellant. *Pannell v. State,* 640 P.2d 568 (Okl.Cr.1982) and cases cited therein.

In the case at bar, the evidence of the appellant's guilt is overwhelming. There is positive and consistent eyewitness identification of the appellant at the crime scene. The record also shows that the jury recommended a sentence of thirty-five years. In light of the prosecuting attorney's recommendation for a ninety-nine year sentence, we cannot say that the prosecutorial remarks determined the verdict. Accordingly, we find no merit in the appellant's assignment of error on this point.

Furthermore, we find no merit in the appellant's contention that the cumulative effect of the aforementioned errors has operated to deny him a fair trial. This court has consistently held that where there is no individual error, there can be no error by accumulation. *Hawkes v. State,* 644 P.2d 111 (Okl.Cr.1982).

In his fourth assignment of error, the appellant claims that the trial court erred in failing to deliver a handwritten instruction to the jury that if it formed a reasonable doubt as to his photographic identification, the jury should not find the appellant guilty. We do not agree. This Court has stated in *Lester v. State,* 408 P.2d 563 (Okl.Cr.1965), that a defendant is enti-

---

2. In the first instance, the District Attorney commented that the evidence showed the appellant to have been in custody on December 17, 1981, and thereafter (Tr. 143). The defendant counsel's objection was overruled on the States' representation that the defense witness, Ms. Walker, testified that she knew the appellant was in jail during that period. However, Ms. Walker had testified that she did not know the appellant had been in jail (Tr. 82).

The prosecutor also remarked that Detective Duncan of the Midwest City Police Department testified that the victim picked out the appellant's photograph in the lineup without having to look at all of the photographs. The record shows that Detective Duncan did not testify in the presence of a jury concerning this matter, but only during an in camera hearing.

In the last instance, the prosecutor suggested a possible explanation to resolve any discrepancies concerning the color of the appellant's facial hair and the color of the robber's hair. The prosecutor remarked that the conflict could be resolved by considering that the color of the appellant's facial hair could have been changed by bleaching caused by the sun and by the lack of sun while the appellant was in jail (Tr. 147).

tled as a matter of law to an instruction which clearly sets forth his theory of defense, provided such a theory is tenable as a matter of law, or finds possible support in the evidence. After careful examination of the record now before us, we find no evidence to support the requested instruction. The victim had ample opportunity to observe the appellant at the crime scene under favorable lighting conditions. Anticipating the necessity of later identification, the victim paid special attention to the appellant's facial features and throughout cross-examination, the victim never wavered from her positive identification of Thornton. Accordingly, we are of the opinion that the trial court did not commit error in refusing appellant's requested instruction.

■ Similarly, in his final assignment of error, the appellant claims that the trial court erred in not giving the jury a cautionary instruction regarding eyewitness testimony made by the victim. We disagree. This Court has deemed it necessary for a trial court to instruct a jury to receive eyewitness testimony with caution only under special circumstances. We have held in *Pisano v. State,* 636 P.2d 358, 361 (Okl.Cr. 1981), and cases cited therein, that a cautionary instruction is not necessary under the following conditions: 1) the opportunity for a positive identification was present; 2) the witness is positive in his identification; 3) there was no prior failure to identify the defendant; and, 4) the witness remains positive as to the identification after cross-examination. The facts of this case clearly establish that all of the aforementioned conditions were present regarding the appellant's photographic identification, and thus, the cautionary instruction was unnecessary, and properly not given.

The judgment and sentence is hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.